UNITED STATES

v.

James A. BANKSTON, 552 58 9178,
Hospital Corpsman Senior Chief
(E–8), U.S. Navy.

NMCM 85 2729.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 23 Nov. 1984.

Decided 8 July 1986.

LCDR ALVIN L. McDONALD, JAGC, USNR, Appellate Defense Counsel.

LT LEONARD R. CLEAVELIN, JAGC, USNR, Appellate Defense Counsel.

MAJ H.A. CROCKER, USMC, Appellate Government Counsel.

Before KERCHEVAL, Senior Judge, and RAPP and GRANT, JJ.

PER CURIAM:

Contrary to his pleas, appellant was found guilty, by a special court-martial composed of officer members, of three specifications of dereliction of duty and four specifications of larceny in violation of, respectively, Articles 92 and 121 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 921. He was sentenced

to a bad-conduct discharge, to pay to the United States a fine of $1200.00, and to be reduced to pay-grade E–1. The convening authority approved the sentence as adjudged.

Before this Court, appellant makes the following assignments of error:

## I

CHARGE III, SPECIFICATIONS TWO AND THREE ARE AN UNREASONABLE MULTIPLICATION OF CHARGES AND SHOULD HAVE BEEN CONSOLIDATED BY THE MILITARY JUDGE PRIOR TO SUBMITTING THE CASE ON THE MERITS TO THE MEMBERS.

## II

THE FINDING OF GUILTY AS TO CHARGE I, SPECIFICATION ONE, SHOULD BE DISAPPROVED AS INCONSISTENT WITH THE FINDING OF GUILTY TO CHARGE III, SPECIFICATIONS TWO AND THREE.

## III

THE MILITARY JUDGE ERRED IN HIS SUBSTANTIVE INSTRUCTIONS ON THE ELEMENTS OF ALL THREE SPECIFICATIONS OF CHARGE I.

## IV

THE GOVERNMENT DID NOT PROVE A PRIMA FACIE CASE FOR CHARGE I, SPECIFICATIONS TWO AND THREE.

## V

THE MILITARY JUDGE COMMITTED PLAIN ERROR TO THE MATERIAL PREJUDICE OF APPELLANT'S SUBSTANTIAL RIGHTS WHEN HE PERMITTED THE TRIAL COUNSEL TO ELICIT SUBSTANTIAL TESTIMONY OF UNCHARGED MISCONDUCT, AND THEN PERMITTED TRIAL COUNSEL TO URGE THE MEMBERS IN ARGUMENT TO CONVICT THE APPELLANT OF CHARGE ONE, SPECIFICATIONS TWO AND THREE, BASED ON THAT EVIDENCE OF A CRIME NOT CHARGED.

## VI

THE PROSECUTION DID NOT ESTABLISH FACTS SUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT STOLE MONEY ON OR ABOUT 18 MAY 1981.

## VII

THE SENTENCE ADJUDGED WAS INAPPROPRIATELY SEVERE, IN LIGHT OF THE OFFENSES FOR WHICH APPELLANT WAS CONVICTED.

## VIII

THE CONVENING AUTHORITY, IN HIS ACTION ON THE CASE, FAILED TO INDEPENDENTLY READ THE RECORD OF TRIAL AND CONSIDER THE MATERIAL THEREIN.

We discuss the assigned errors seriatim.

## I

### CONSOLIDATION OF SPECIFICATIONS 2 AND 3 OF CHARGE III

 Appellant first urges that Specifications 2 and 3 of Charge III are multiplicious and should have been consolidated as such by the military judge. The Government does not oppose this consolidation. We agree with the parties that the factual situation upon which the specifications in question are based entails one larceny of $629.49 and not two separate larcenies of $312.73 and $316.76. Accordingly, we disapprove the finding of guilty with respect to Specification 3 of Charge III and consolidate the specifications by amending Specification 2 of Charge III to reflect a single larceny of $629.49 occurring between 26 January and 4 March 1982:

Specification 2: In that Hospital Corpsman Senior Chief James A. Bankston, U.S. Navy, on active duty, Naval Medical Command, National Capital Region,

Bethesda, Maryland, did, on board National Naval Medical Center, Bethesda, Maryland, between 26 January 1982 and 4 March 1982, steal $629.49, the property of the United States Government.

We need not reassess the sentence, as the military judge ruled and instructed that the specifications were multiplicious for purposes of sentencing. Thus, the appellant suffered no prejudice from the military judge's failure to consolidate the specifications at trial. *See United States v. Allen,* 16 M.J. 395, 396 (C.M.A.1983).

## II

### CONSISTENCY OF FINDINGS OF GUILTY

■ Appellant next claims that the finding of guilty with respect to Specification 1 of Charge I (negligent dereliction of duty to determine the validity of a remittance statement) is inconsistent with findings of guilty to Specifications 2 and 3 of Charge III (stealing $629.49 from the United States Government). The three specifications were all based on the same incident—appellant's improper utilization of government funds to pay for repairs to his privately-owned vehicle. We agree with the appellant, as does the Government, that the members' finding that appellant *specifically intended* to permanently deprive the Government of the funds in question is inconsistent with their finding that appellant was merely *negligent* in the performance of his duty to properly validate the instrument through which the funds were procured. Therefore, we disapprove the finding of guilty with respect to Specification 1 of Charge I and dismiss that specification. We need not reassess the sentence as the military judge determined that the specifications were multiplicious for purposes of sentencing.

## III

### INSTRUCTIONS

■ The specifications under Charge I allege a *negligent* dereliction of duty. In his instructions on the elements of derelic-

tion of duty, the military judge instructed the members that a person is derelict in the performance of duty when he *"willfully"* or *"negligently"* fails to perform them." (Emphasis added). He then proceeded to define both "willfully" and "negligently." The members found the appellant guilty of the negligent dereliction of duty.

Appellant now maintains that it was plain error for the military judge to instruct on the uncharged element of willfulness. We disagree. The military judge's instruction on willful dereliction of duty was mere surplusage and in no way prejudiced the appellant as the members found him guilty as charged of the negligent dereliction of duty. This assignment of error is devoid of merit.

## IV

### PROOF OF GUILT OF DERELICTION OF DUTY

■ Specifications 2 and 3 of Charge I, charging a dereliction of duty in violation of Article 92 of the UCMJ, allege that appellant

was derelict in the performance of his duties by neglecting to keep properly the accounts of the Special Services Department ... as it was his duty to do by failing to verify the Amusement game cash receipts reported on the Daily Activity Report with the actual cash receipts from amusement games as reflected on the cash collection reports.

The elements of dereliction in the performance of duties are: (1) that the appellant had certain duties; (2) that appellant had knowledge of those duties; and (3) that appellant was through neglect derelict in the performance of those duties. *Manual for Courts-Martial, United States, 1984,* Part IV, paragraph 16b(3). The Government sought to prove the appellant's guilt of these elements through the testimonies of personnel who collected the cash from the video game machines and who filled out cash collection reports, Hospitalman Recruit D and Boiler Technician H; civilian personnel who drafted reports (Daily Cash

Reports and Daily Activity Records) accounting for cash receipts, the bookkeeper, Mrs. Y, and the cashier, Mrs. E; and the Chief of Special Services at the time of trial, Senior Chief Hospitalman C; and through the introduction of documentary evidence establishing the appellant's appointment as Chief of Special Services (Prosecution Exhibit (PE) 65), delineating the duties of the officer-in-charge of Special Services (PE 64), and demonstrating the significant discrepancies between the amounts that were collected from video games as evidenced in the "Collection Reports" prepared at the time of collection of monies from the video machines (PE's 4 thru 30), and the amounts reflected as cash receipts on the "Daily Cash Reports" prepared by Mrs. Y (PE's 37 thru 43) and the "Daily Activity Record" reports prepared by Mrs. E (PE's 44 thru 63).

Appellant now urges that his guilt of these two dereliction of duty specifications was not proven beyond a reasonable doubt in that the Government failed to establish that appellant's alleged "failure to verify" was a duty fairly embraced within his general duty to keep accurate accounts and records, and that the Government failed to demonstrate what it meant by "verification" of game receipts. We disagree.

In *United States v. Bright*, 20 M.J. 661 (N.M.C.M.R.1985), this Court set forth the standard determinative of the sufficiency of evidence to uphold a finding of guilty:

There is no question regarding the sufficiency of evidence as a matter of law if there is some competent evidence from which the fact-finder could conclude beyond a reasonable doubt the existence of each of the elements of the offenses charged. *See United States v. Zammit,* 16 M.J. 330, 332 (C.M.A.1983). On review, the relevant question is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573, (1979), *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). Since the responsibility for

determining the accuracy and weight of the testimony and evidence, the relevant inferences to be drawn, the bias of witnesses and the truth is that of the trier of fact who saw and heard the witnesses, the trial court determinations are worthy of due deference on review.

Upon consideration of the record of trial in light of this standard, we find that the evidence adduced by the Government established beyond a reasonable doubt that (1) appellant had been appointed as Chief of Special Services (PE 65, consisting of a letter from the Commanding Officer, National Naval Medical Center, Bethesda, to appellant assigning him to "primary duty as Chief, Special Services"); (2) that his duties as Chief of Special Services included being responsible for, among other things, the accounting of all receipts, the propriety of expenditures, the control and accounting for all Special Services property, and the maintenance of accurate accounts and records (PE 65, consisting of the pertinent sections of Articles 206 and 207 of the "Special Services Manual," BUPERS Instruction 1710.11 of 11 March 1974), and that he had knowledge of those duties; and (3) that there were patent discrepancies between the video game amounts reflected in the "Collection Reports" and the corresponding amounts reflected in the "Daily Cash Reports" and "Daily Activity Record" reports and that, therefore, the appellant was derelict in his duty to maintain accurate accounts and records. We find furthermore that there was sufficient evidence from which the members could reasonably conclude that verification of the receipts in question was a part of appellant's duty to maintain accurate accounts and records, and that the members were aware of the meaning of the words "to verify," i.e., to ascertain the truth, authenticity, or correctness of. Accordingly, this assignment of error is without merit.

## V

### EVIDENCE OF UNCHARGED MISCONDUCT

■ Appellant next argues that the military judge committed plain error when he

allowed trial counsel to elicit evidence and to argue that appellant's dereliction with respect to the amusement game receipts was willful rather than merely negligent as alleged in the specification under the charge. We disagree. We find that the evidence tending to show that appellant ordered his subordinates to falsify the accounts in question was inextricably intertwined with the factual situation surrounding the specifications alleging the negligent dereliction of duty. Thus, this assignment of error has no merit and is rejected. *See United States v. Thomas*, 11 M.J. 388 (C.M.A.1981).

## VI

### PROOF BEYOND A REASONABLE DOUBT OF THE LARCENY OF $33.53

We agree with appellant that the Government failed to meet its burden of proof with respect to Specification 1 of Charge III alleging that appellant stole $33.53 from the United States Government. Accordingly, we disapprove the findings of guilty with respect to Specification 1 of Charge III and enter a finding of not guilty thereon.

## VII

### SENTENCE APPROPRIATENESS

■ Appellant urges that the imposition of a bad-conduct discharge is an inappropriately severe punishment for the offenses of which he was convicted in that the monetary penalty which occurs as a result of this punitive discharge far outweighs the pecuniary loss suffered by the Government from his crimes. Additionally, he maintains that his more than 24 years of honorable service in the United States Navy, which includes combat duty that resulted in the awarding of a purple heart, merits consideration of leniency from this Court. We disagree. Upon reassessment of the approved sentence in light of our actions above setting aside the findings of guilty to Specification 1 of Charge I and Specifications 1 and 3 of Charge III, we find that,

while appellant's service prior to the commission of these offenses was commendable, the imposition of a bad-conduct discharge is a manifestly appropriate punishment for a senior chief petty officer who misappropriates government funds through the abuse of the trust and confidence placed in him by virtue of his rank and billet.

## VIII

### APPROPRIATE CONSIDERATION OF THE RECORD OF TRIAL BY THE CONVENING AUTHORITY

Appellant correctly notes that in his action the convening authority erroneously synopsized appellant's offenses under Charge I. Apparently this error was initiated by the staff judge advocate who, in his review, referred to the charge sheet which was applicable prior to the dismissal of certain specifications as the result of pre-trial motions rather than to the "sanitized" charge sheet (Appellate Exhibit 30) upon which the members deliberated. As a result, two of the specifications set out by the convening authority as having resulted in findings of guilty were actually dismissed prior to deliberation on findings. Appellant urges that this error demonstrates that the convening authority did not read the record of trial and requests that this Court return the record to a new convening authority for a new convening authority's action.

■ We note, first of all, that the convening authority is not required to read the record of trial before taking his action. Rule for Courts-Martial (R.C.M.) 1107(b)(3)(B)(i). Secondly, neither trial defense counsel nor civilian appellate defense counsel commented upon the errors in the staff judge advocate's recommendation. "Failure of counsel for the accused to comment on any matter in the recommendation ... in a timely matter shall waive later claim of error with regard to such matter in the absence of plain error." R.C.M. 1106(f)(6). We disagree with appellant's assertion that the faulty convening authori-

ty's action and staff judge advocate's recommendation constitute plain error. Such error must be "both obvious and substantial," and the plain error rule should be invoked " 'only in exceptional circumstances to avoid a miscarriage of justice.' " *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982) (quoting *United States v. Gerald,* 624 F.2d 1291, 1299 (5th Cir.1980)). We find that these exceptional circumstances are not present with respect to the error cited by appellant. Furthermore, appellant fails to demonstrate how the erroneous action has prejudiced him. Appellant's requested remedy is unwarranted. We direct the convening authority to promulgate a new court-martial order derived from the charge sheet upon which the members deliberated (Appellate Exhibit 30).

Accordingly, the findings, as modified above, and, upon reassessment, the sentence, as approved on review below, are affirmed.

---

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.