**UNITED STATES**

v.

**Lowell G. LOWRY, 300 62 9354, Aviation Machinist's Mate, Third Class (E–4), U.S. Navy.**

**NMCM 91 1293.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 Jan. 1991.

Decided 25 Nov. 1991.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

CAPT Jane Sharp, USNR–R, Appellate Defense Counsel.

LtCol John R. Roe, USMCR, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before STRICKLAND, ORR and MOLLISON, JJ.

MOLLISON, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's reply thereto, and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

The appellant was charged with two counts of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885. One absence allegedly began in March of 1981, the other in April 1987. Together they spanned nearly a decade. Pursuant to a pretrial agreement, the ap-

---

1. I. THE CONVENING AUTHORITY TOOK ACTION WITHOUT COMPLETE CONSIDERATION OF REQUIRED CLEMENCY MATTERS.
 II. THE STAFF JUDGE ADVOCATE FAILED TO PROPERLY ADVISE THE CONVENING AUTHORITY REGARDING APPELLANT'S SERVICE RECORD.
 III. APPELLANT HAS BEEN DENIED EFFECTIVE POST–TRIAL REPRESENTATION.

pellant pled guilty at an "unprotected" special court-martial to one count of unauthorized absence terminated by surrender in violation of Article 86, UCMJ, 10 U.S.C. § 886, and to one count of desertion terminated by apprehension. The appellant was found guilty in accordance with his pleas and was sentenced by a military judge sitting alone to confinement for a period of 125 days, forfeiture of $500.00 pay per month for a period of 4 months, reduction to pay grade E–1 and a bad-conduct discharge.

Defense Exhibits A and B were admitted during the presentencing proceedings. The former was a copy of a letter of commendation dated 26 September 1978, recognizing the appellant's contribution in saving a shipmate's life and preventing extensive property damage as a result of a barracks fire. The latter was a copy of the appellant's DD Form 214, Certificate of Release or Discharge from Active Duty, issued to the appellant on the occasion of his release from active duty on 25 July 1980. Defense Exhibit B characterized the appellant's prior service as "honorable." In the staff judge advocate's post-trial recommendation to the convening authority, the staff judge advocate noted the following: (1) the appellant had no previous convictions or nonjudicial punishments, (2) the appellant had prior service in excess of four years, and (3) the appellant had been awarded the Marksmanship Pistol Ribbon, the National Defense Service Medal and a Good Conduct Medal. The staff judge advocate made no mention of the letter of commendation and indicated that the character of the appellant's prior service was "none." The appellant's trial defense counsel made no comment on the staff judge advocate's recommendation. No post-trial clemency matters were submitted. The convening authority approved the sentence, as adjudged. In his action the convening authority listed the appellant's awards and decorations and noted that the appellant had no prior courts or nonjudicial punishments. The convening authority made no mention of the letter of commendation or the prior honorable discharge; however, he did recite "[i]n taking this action, the results of trial, the *record of trial* and the Legal Officer/Staff Judge Advocate's Recommendation have been considered." (Emphasis added.) The appellant now contends that a "remedial convening authority's action" is required because the staff judge advocate in his recommendation mischaracterized the appellant's prior service and omitted mention of the letter of commendation, the trial defense counsel failed to point these matters out to the staff judge advocate, and the convening authority failed to consider the prior honorable discharge and letter of commendation in taking his action. We disagree such action is required.

■ Before taking action on a sentence including a bad-conduct discharge, the convening authority must obtain and consider the written recommendation of his staff judge advocate or legal officer. Article 60(d), UCMJ, 10 U.S.C. § 860(d). Rule for Courts–Martial (R.C.M.) 1106(d)(3), Manual for Courts–Martial, United States, 1984, requires that the staff judge advocate or legal officer include in his post-trial recommendation to the convening authority "a summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions." The recommendation may include any additional matters deemed appropriate by the staff judge advocate or legal officer. R.C.M. 1106(d)(5). The recommendation must be served on the defense counsel who "may submit, in writing, corrections or rebuttal to any matter in the recommendation believed to be erroneous, *inadequate,* or misleading, and may comment on any other matter." R.C.M. 1106(f) (emphasis added). Failure by defense counsel to comment on the recommendation in a timely manner waives a later claim of error with regard to such matter in the absence of plain error. Article 60(d), UCMJ, 10 U.S.C. § 860(d); R.C.M. 1106(f)(6).

■ "Plain error" is without a fixed definition. *United States v. Huffman,* 25 M.J. 758, 760 (N.M.C.M.R.1987). "Plain error" has been described variously as error that is "both obvious and substantial," that

**1038**

is "particularly egregious," that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," or that "requires appellate intervention to prevent a miscarriage of justice, protect the reputation and integrity of the court, or to protect a fundamental right of the accused." *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982) (quoting *United States v. Gerald,* 624 F.2d 1291, 1299 (5th Cir.1980) and *United States v. DiBenedetto,* 542 F.2d 490, 494 (8th Cir.1976)); *United States v. Fisher,* 21 M.J. 327, 328 (C.M.A.1986) (*quoting United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)); *United States v. Lohrman,* 26 M.J. 610, 612 (A.C.M.R.1988); *Huffman* at 760; *United States v. Bankston,* 22 M.J. 896, 902 (N.M.C.M.R.1986), *review granted in part,* 23 M.J. 418 (C.M.A.1987), *set aside on other grounds,* 26 M.J. 82 (C.M.A.1988), *review denied,* 28 M.J. 230 (C.M.A.1989). The "plain error" rule will be invoked " 'only in exceptional circumstances to avoid a miscarriage of justice.' " *Frady,* 456 U.S. at 163 n. 14, 102 S.Ct. at 1592 n. 14; *Bankston* at 902. In determining whether or not there is "plain error," the record must be considered as a whole. *United States v. Ruiz,* 30 M.J. 867, 869 (N.M.C.M.R.1990). No hard and fast rule can be stated as to what errors in the staff judge advocate recommendation constitute "plain error." We have held, for example, the staff judge advocate's omission of the military judge's clemency recommendation and misadvice as to both findings and pleas constituted plain error. *United States v. McLemore,* 30 M.J. 605 (N.M.C.M.R.1990); *Huffman* at 760. Nonetheless, we suggest the following factors should be considered in determining whether an error in the staff judge advocate/legal officer recommendation is "plain error": (1) whether the error is an omission or is an affirmative misstatement; (2) whether the matter is material and substantial; and (3) whether there is a reasonable likelihood the convening authority was misled by the error.

In taking his action, the convening authority must consider the results of trial,

the recommendation of the staff judge advocate or legal officer, and any post-trial matters submitted by defense counsel or the accused. R.C.M. 1107(b)(3)(A). The convening authority *may* consider additional matters, i.e., the record of trial, the personnel records of the accused, and such other matters as the convening authority deems appropriate. R.C.M. 1107(b)(3)(B) (emphasis added). The Rules for Courts–Martial do not prescribe the contents of the convening authority's action respecting a recitation of those matters the convening authority considered in taking his action. R.C.M. 1107(f). For the Department of the Navy, however, Section 0152b of the Manual of the Judge Advocate General (JAG-MAN) [2] provides:

In order that the best interests of the service as well as those of the accused may be served, the convening authority, in those cases where the sentence as approved extends to a punitive discharge, whether or not suspended, shall include in his initial action a brief synopsis of the accused's conduct record *during the current enlistment as extended.* This synopsis should include in chronological order: dates, nature of offenses committed, sentences adjudged and approved, and nonjudicial punishment imposed. The synopsis *should also include* the medals and awards, *commendations,* and any other information of a commendable nature....

(Emphasis added.)

We apply the foregoing to the facts of this case. Neither describing the character of the appellant's prior service as "none," nor the lack of mention of the letter of commendation was commented upon by trial defense counsel; therefore, remedial action will be taken only if these matters constituted "plain error." It is true the staff judge advocate's recommendation misstated the characterization of the appellant's prior service as "none" instead of honorable. Viewing the recommendation as a whole, however, the convening authority knew that the appellant had prior ser-

---

2. JAG Instruction 5800.7C of 3 October 1990.

vice, that he had no disciplinary proceedings, that he had been awarded a Good Conduct Medal, and that the appellant had been permitted to reenlist. Under these circumstances there is no reasonable likelihood that the convening authority could have concluded that the appellant's prior service was anything other than honorable. Thus, we conclude that the misstatement was neither material nor likely to mislead the convening authority. As to the omission of mention of letters of commendation, we conclude that such omissions do not constitute plain error. Since trial defense counsel did not claim that the recommendation was inadequate in this respect, a later claim of error on this basis will not be entertained. In any event, the convening authority stated he reviewed the record of trial. We presume the accuracy of that statement. *See United States v. Barnette*, 21 M.J. 749, 751 (N.M.C.M.R.1985). All of the matters about which the appellant now complains were in the record of trial.

 In order to circumvent the waiver rule, the appellant has employed an all-too-frequent tactic of claiming his trial defense counsel was ineffective in his post-trial representation of the appellant. Claims of this nature are serious and will not be countenanced as simply a means to an end. We have reviewed the record and find nothing to suggest that the representation by appellant's trial defense counsel was inadequate.[3] Their client was convicted of two periods of absence totalling nearly 10 years. The second period of absence commenced on the heels of the first. The second period of absence was a desertion terminated by apprehension. Trial defense counsel succeeded not only in negotiating the case to a special court-martial, but also in obtaining a sentence less than the jurisdictional maximum of that court. Typically trial defense counsel have some acquaintance with the convening authority's philosophy on clemency and are best able to assess whether comments on the staff

judge advocate's recommendation are necessary or would be fruitful in a given case. It would be little wonder that trial defense counsel in this case viewed post-trial comment as futile or that they viewed the matters now claimed on appeal as trivial in the entire context of the case. Whatever their judgment was, we find no basis to conclude their assistance to their client was ineffective, during trial or afterward. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As to the convening authority's action, we observe that the convening authority did more than that required by the Rules for Courts–Martial. In addition to the required matters (i.e., results of trial, staff judge advocate/legal officer recommendation, and any post-trial matters submitted by the appellant), he considered the record of trial and so stated in his action. We reiterate, the matters about which the appellant now complains were in the record of trial.

The action of the convening authority contained those matters required by the Rules for Courts–Martial and those set out in the JAGMAN.[4] We specifically note there is no requirement in the JAGMAN to set forth prior honorable discharges or note letters of commendation from prior enlistments.

The exercise of the convening authority's powers respecting sentence are vital to the accused and the administration of discipline. Therefore, the importance of an informed convening authority cannot be overstated. In *Ruiz* we expressed concern about the attention to detail given post-trial processing. *Ruiz* at 870. That concern remains. We are also concerned, however, that records of trial will be combed for matters, no matter how significant, to advocate new convening authority actions. The consequences are predictable: (1) recommendations and actions will become extended; (2) all-occasion "boiler plate" will

---

**3.** The appellant was represented by a Navy judge advocate and a civilian attorney retained by the appellant.

**4.** We have declined in the past to mandate new convening authority actions for omissions respecting the matters the JAGMAN states *should* be included in the convening authority's action. We have viewed those matters as illustrative.

be developed; and (3) on remand, convening authorities will have already noted the matters or will find them insufficient to justify clemency. In short, there will be a great deal of appellate activity having no practical benefit to convening authorities or servicemembers. We recognize we cannot substitute our judgment for the convening authority's in matters of clemency. We must, however, continue to exercise our judgment as to those cases that we believe truly merit a "second look" by the convening authority and those that do not.[5] This case does not.

The findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge STRICKLAND and Judge ORR concur.

---

**5.** Note should be taken of a number of recent decisions of the United States Court of Military Appeals. *United States v. Monckton,* 34 M.J. 73, 74 (C.M.A.1991); *United States v. Spurlin,* 33 M.J. 443 (C.M.A.1991); *United States v. Craig,* 28 M.J. 321 (C.M.A.1989); *United States v. Hill,* 27 M.J. 293 (C.M.A.1988). These cases involved either defense counsel's comment on the staff judge advocate/legal officer recommendation and/or the consideration of post-trial clemency matters. The case at bar involves none of these.

Nonetheless, the message in these cases is that the appellate courts will not be left to guess whether the convening authority considered post-trial clemency matters and that when trial defense counsel complains of genuine, material errors in the recommendation and such errors are not corrected by the staff judge advocate/legal officer before the convening authority's action is taken, a new recommendation and convening authority's action will usually be ordered.