## UNITED STATES

v.

**William J. FORD, IV, 221 50 9777, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 91 0512C.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 Oct. 1990.

Decided 29 Nov. 1991.

---

**3.** 25 M.J. at 340.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LCDR Daniel R. Fry, JAGC, USNR–R, Appellate Defense Counsel.

LT Dwight N. Mersereau, JAGC, USNR, Appellate Government Counsel.

Before STRICKLAND, Senior Judge, and ORR and MOLLISON, JJ.

ORR, Judge:

Consistent with his pleas, the appellant was convicted of attempting to miss a movement by design and of being an unauthorized absentee for a period of about 13 days with the intention of avoiding field exercises in violation of Articles 80 and 86, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 886. He was sentenced by a military judge sitting alone to confinement for 64 days, reduction to pay grade E–1, and to receive a bad-conduct discharge. The military judge strongly recommended, however, that the bad-conduct discharge be suspended.

We issued an opinion in this case on 23 August 1991 in which we returned the record of trial for a new staff judge advocate's post-trial review and a new convening authority's action primarily because it did not appear to us that the officer who acted on the record was the original convening authority and he was not an officer exercising general court-martial jurisdiction. Pursuant to Rule 19, Courts of Military Review Rules of Practice and Procedure, we granted the Government's request for reconsideration, and based upon information subsequently supplied by the Government, we withdraw our opinion of 23 August 1991 and substitute this opinion in its place. Because our initial decision did not specifically address the assignments of error raised by the appellant,[1] we turn to the appellant's contentions and first address his third assigned error.

■ The appellant received his copy of the post-trial recommendation from the staff judge advocate (hereinafter "SJA") on 20 December 1990, and the trial defense counsel received his copy on 2 January 1991. Counsel had submitted a post-trial clemency request on 31 October 1990, and on 2 January 1991, he waived comment on the post-trial recommendation. That recommendation contained two errors: (1) the SJA purported to summarize the appellant's prior military service as "10 Mar 89–31 May 89 USMCR(J)" when the appellant had served 4 years on active duty from September 1984 to September 1988 and had received an honorable discharge; and, (2) the SJA purported to list the appellant's decorations and awards but listed only a letter of appreciation when the appellant had received a Good Conduct Medal, a Sea Service Deployment Ribbon, and rifle and

1. I. AN UNSUSPENDED BAD CONDUCT DISCHARGE IS AN INAPPROPRIATE PUNISHMENT IN APPELLANT'S CASE.
II. THE CONVENING AUTHORITY'S ACTION FAILS TO INDICATE THAT HE MADE HIS DETERMINATIONS UPON THE BEST INTERESTS OF THE SERVICE AS WELL AS THOSE OF APPELLANT.
III. THE STAFF JUDGE ADVOCATE FAILED TO PROPERLY ADVISE THE CONVENING AUTHORITY REGARDING AN ACCURATE SYNOPSIS OF APPELLANT'S SERVICE RECORD.
IV. APPELLANT HAS BEEN DENIED EFFECTIVE POST–TRIAL REPRESENTATION.

pistol marksmanship awards during his previous enlistment. While the correct information is reflected in Defense Exhibit A in the record of trial, we note that there is no affirmative indication in the convening authority's action that the convening authority considered matters in the record of trial and the same erroneous information appearing in the SJA's recommendation is also recited in the convening authority's action.[2]

We have recently examined the requirements of the UCMJ, the Manual for Courts–Martial, United States, 1984, and the Secretary of the Navy as reflected in the Manual of the Judge Advocate General (hereinafter "JAGMAN"), Judge Advocate General Instruction 5800.7C (JAGINST 5800.7C) of 3 October 1990, as to errors that may occur in the preparation of an SJA's or legal officer's post-trial recommendation. *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991). We discussed the failure of the defense counsel to comment on such errors and whether the failure to comment would constitute waiver, and we also suggested several factors that should be considered in determining whether such errors might be "plain error" that could not be waived. *Lowry*, at 1037–38. Those factors were: (1) whether the error was an omission or an affirmative misstatement; (2) whether the matter omitted or misstated was material and substantial; and (3) whether there was a reasonable

likelihood that the convening authority was misled by the error. We also stated that the recommendation should be read as a whole in considering these factors.

■ Applying those factors to the case before us, we find that the errors were affirmative misstatements[3] and that the matter misstated was both material and substantial in the context of (a) these offenses, (b) the appellant's evidence in extenuation and mitigation, and (c) the military judge's recommendation. As to the third factor concerning the likelihood that the convening authority was misled by the error, we note that the officer who convened the court-martial of the appellant was not the same officer who took action on the case. From information provided to us by the Government in response to our order following the Government's motion that we reconsider our earlier opinion, the officer who referred these offenses to trial and convened the court-martial was relieved about 2 months after trial by the officer who ultimately took action on the case. Consequently, we have little to assure us that the latter officer had any familiarity with the appellant beyond the erroneous summary provided by the SJA in his post-trial recommendation.

In *Lowry*, we reached the opposite conclusion on this last factor because the error there involved only the failure to mention a letter of commendation and to indicate that

---

**2.** Although the 31 October 1990 clemency request contains the appellant's handwritten statement that his "first enlistment ... resulted in an honorable discharge" and the convening authority affirmatively states in his action that he considered the defense counsel's post-trial submission, we are not persuaded by the latter "boiler plate" that the convening authority would have signed an action containing an obviously erroneous statement of fact concerning the appellant's prior service if the convening authority was actually aware of that prior service. This contradiction between the general statement and the specific factual information draws into question the accuracy of the general statement and raises doubts whether the clemency submission was actually brought to the convening authority's attention. *See United States v. Craig*, 28 M.J. 321 (C.M.A.1989).

**3.** The Government argues that the SJA's recommendation accurately reflects the appellant's

*current* enlistment and that Rule for Courts–Martial (R.C.M.) 1106(d) and JAGMAN § 0152(b) only require information concerning the appellant's current enlistment. This argument mixes content requirements for the SJA's recommendation, found in R.C.M. 1106(d) and JAGMAN § 0151c, with content requirements for the convening authority's action, found in R.C.M. 1107(f) and JAGMAN § 0152b. Only JAGMAN § 0152b contains words limiting the information to the accused's current enlistment. No such limiting words are in R.C.M. 1106(d) or JAGMAN § 0151c. In addition, the argument would seem to have little relevance when the action actually purports to summarize information about an accused's previous enlistments. If that information is erroneous and it appears the convening authority may have been misled, it begs the question to argue that it wasn't necessary that the convening authority consider the information.

Lowry had received an honorable discharge from a prior enlistment. In addition, the convening authority was advised of Lowry's prior service, that Lowry had no previous courts-martial or nonjudicial punishments, and that Lowry had received a Good Conduct Medal.[4] *Lowry*, at 1038–39.

Accordingly, the convening authority's action, dated 11 February 1991, is set aside. The record of trial will be returned to the Judge Advocate General for a new staff judge advocate's recommendation and a new action by the same or a different convening authority in accordance with Article 60(c)-(e) of the UCMJ, 10 U.S.C. § 860(c)-(e), Rule for Courts–Martial 1107(a), and JAG-MAN § 0151b(2).

Senior Judge STRICKLAND and Judge MOLLISON concur.

---

[4]. Although the convening authority in *Lowry* said that he had considered the record of trial and the correct information was in the record of trial, unlike the situation before us now, there was no affirmative misstatement of fact in the convening authority's action. The convening authority in *Lowry* did not attempt to summarize Lowry's prior service and only neglected to list the letter of commendation among Lowry's awards and decorations.