**UNITED STATES**

v.

**Guadalupe SERRATA, 559 45 3409
Fireman Apprentice (E–2),
U.S. Naval Reserve.**

**NMCM 91 1403.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 23 April 1991.

Decided 30 Dec. 1991.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LCDR Daniel P. Fry, JAGC, USNR–R, Appellate Defense Counsel.

LCDR J. Richard Chema, JAGC, USN, Appellate Government Counsel.

Capt. A. Diaz, USMC, Appellate Government Counsel.

Before WILLEVER, Chief Judge, and STRICKLAND and ORR, Judges.

PER CURIAM:

Consistent with his pleas, the appellant was convicted of an unauthorized absence of about 47 months terminated by his apprehension in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. The military judge sitting alone sentenced the appellant to confinement for 50 days, forfeiture of $250.00 pay per month for 2 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

In the legal officer's post-trial recommendation, he stated that the appellant had no awards and decorations. No corrections, comments, rebuttal, or other comments to the recommendation were submitted by the trial defense counsel. The legal officer's conclusion in regard to the appellant's awards and decorations is repeated in the convening authority's action. In his appeal to this Court, the appellant contends that he is entitled to the National Defense Service Medal (NDSM), and we note that he stated that fact when he first appeared before the military judge at trial and the trial counsel entered an exhibit (Prosecution Exhibit 1) purporting to summarize the appellant's service which also indicates the appellant is entitled to wear the NDSM. The fact that this award was not reflected in the legal officer's post-trial recommendation, that the defense counsel did not object to its absence in the recommendation, and that the convening authority apparently acted on the case without knowing about the award is the basis for the appellant's

**694**

■ We have examined the record of trial, the appellant's brief filed in support of his assignments of error, and the Government's response, and we have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Under the circumstances of this case, we find that the omission of the award of the NDSM was neither material nor likely to have misled the convening authority concerning the nature of the appellant's service. Any person who has been on active duty during a period when the NDSM has been awarded is aware that it is not a personal decoration for valor, heroism, or service in combat but simply connotes that the recipient was on active duty in the armed services during a period when the medal was awarded. It is extremely likely that the convening authority, himself, a Captain in the regular Navy, has been awarded two such medals. The legal officer did advise the convening authority that the appellant enlisted on 13 January 1986, and the convening authority was undoubtedly aware that the appellant remained in an active duty status from that time to at least the time when the convening authority acted on the case, albeit as an unauthorized absentee for 75 percent of that time. From those facts alone, the convening authority would know that the appellant was at least eligible for the NDSM if he had not actually been awarded the medal.

three assignments of error.[1]

■ Consequently, we conclude that the failure of the legal officer to mention the award was not plain error and the failure of the defense counsel to comment on the mistake waived the error. Rule for Courts–Martial 1106(f)(6); *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991). Under the circumstances of this case, there is not even a remote possibility that the convening authority would have disapproved or suspended any part of the adjudged sentence simply because the appellant had received the NDSM. *See United States v. Ruiz*, 30 M.J. 867, 869–70 (N.M.C.M.R.1990). Likewise, we find nothing to suggest that the performance of the appellant's trial defense counsel was inadequate or fell below prevailing professional norms. *United States v. Scott*, 24 M.J. 186, 188 (C.M.A.1987); *Lowry*, at 1038.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed. We note that the convening authority purported to execute the bad-conduct discharge. Since that action is not within the scope of his authority, that much of his action was a nullity.

1. I. THE CONVENING AUTHORITY TOOK ACTION WITHOUT COMPLETE CONSIDERATION OF REQUIRING CLEMENCY MATTERS, AND HE IMPROPERLY ORDERED APPELLANT'S BAD CONDUCT DISCHARGE EXECUTED.

II. THE STAFF JUDGE ADVOCATE FAILED TO PROPERLY ADVISE THE CONVENING AUTHORITY REGARDING APPELLANT'S SERVICE RECORD, AND ERRONEOUSLY PROPOSED THAT THE CONVENING AUTHORITY PREMATURELY ACT TO EXECUTE THE ADJUDGED BAD CONDUCT DISCHARGE.

III. APPELLANT HAS BEEN DENIED EFFECTIVE POST–TRIAL REPRESENTATION.