**UNITED STATES**

v.

**Anthony D. MILLER, 475 84 5281 Private First Class (E–2), U.S. Marine Corps.**

**NMCM 95 01457.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 21 Oct. 1994.

Decided 25 April 1997.

Maj R.K. Stutzel, USMC, Appellate Defense Counsel.

LCDR N.B. Jones, JAGC, USN, Appellate Government Counsel.

Before KEATING, CLARK and OLIVER, Judges.

CLARK, Senior Judge:

At a general court-martial, a military judge convicted the appellant, in accordance with his pleas, of attempted robbery, attempted murder, conspiracy to rob and kidnap, unauthorized absence, rape, forcible anal and oral sodomy, aggravated assault, assault and battery, kidnapping, assault with intent to rape, assault with intent to rob, wrongful discharge of a firearm, and carrying a concealed weapon, in violation of Articles 80, 81, 86, 120, 125, 128 and 134, 10

U.S.C. §§ 880, 881, 886, 920, 925, 928 and 934 (1994) [hereinafter UCMJ]. Most of the offenses related to a conspiracy between the appellant and Privates First Class (PFC) Gambles and Duncan. The military judge sentenced the appellant to confinement for life, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended all confinement in excess of 2 years for the period of confinement served plus 12 months thereafter.

We have considered the assignments of error [1] and the briefs of both parties.

I

Providence Of The Appellant's Guilty Plea To Attempted Robbery Of Two Unknown Females

An attempt to commit robbery involves an act done with the specific intent to commit the robbery, which amounts to more than mere preparation and tends, even though it fails, to effect its commission. Art. 80(a), UCMJ, 10 U.S.C. § 880(a). Although the line separating mere preparation from an overt act may be somewhat blurred, we find that the appellant clearly crossed that line after conspiring to commit robbery. During the providence inquiry he provided a sufficient factual predicate for the military judge to accept his plea of guilty to attempted robbery.

The appellant and his co-conspirators, Duncan and Gambles, agreed to find someone to rob to obtain money to pay for damage to a rental vehicle. They obtained a loaded semiautomatic handgun and set out on their quest. As soon as they found someone to rob, they were prepared to accomplish the deed. All that remained was finding a suitable victim. After they drove to several locations, they observed two unidentified females in a telephone booth and selected them as their victims. Duncan and Gambles left their vehicle and approached the women carrying the handgun with them, intending to rob the women. They had not anticipated that a car would arrive and that the women would leave in it before they could accost and rob them. And, but for the unanticipated intervention of the arriving car and the rapid departure of the intended victims, the robbery very likely would have been accomplished. At the moment Duncan and Gambles approached their intended victims carrying the handgun, intending to rob them, they committed an overt act which clearly went beyond mere preparation. This attempt was thwarted only by the intended victims' rapid and unanticipated departure from the area.

In a factually similar case, this court found that an attempted robbery had been committed when the actors did overt acts which went beyond mere preparation, even though unanticipated eventualities caused them to abandon their plan. See United States v. Gugliotta, 23 M.J. 905 (N.M.C.M.R.1987). Gugliotta and his three accomplices planned to rob the Marine Corps Exchange at the Marine Corps Air Station at Yuma, Arizona. They prepared themselves by obtaining masking tape to tie up the cashier and a bag in which to carry the money. Their first attempt was thwarted when, after approaching the building and lying in wait for the

---

1. I. APPELLANT'S PLEA OF GUILTY TO CHARGE I, SPECIFICATION 1, ATTEMPTED ROBBERY OF TWO UNKNOWN FEMALES, IS IMPROVIDENT BECAUSE APPELLANT'S STATEMENT FAILS TO ESTABLISH THAT THE ACTUAL PERPETRATORS COMMITTED ACTS WHICH AMOUNTED TO MORE THAN MERE PREPARATION.

II. APPELLANT'S PLEA OF GUILTY TO CHARGE VII, SPECIFICATION 4, ASSAULT WITH INTENT TO COMMIT RAPE, IS IMPROVIDENT BECAUSE THE MANUAL FOR COURTS–MARTIAL MAKES CLEAR THAT IT IS INTENDED TO PROTECT THE VICTIM OF ATTEMPTED RAPES AND NOT THIRD PARTIES WHO MIGHT CHANCE UPON A RAPE IN PROGRESS.

III. A SENTENCE TO CONFINEMENT FOR LIFE IS INAPPROPRIATELY SEVERE FOR APPELLANT, WHOSE GUILT FOR THE SERIOUS VIOLENT OFFENSES OF WHICH HE WAS CONVICTED WAS BASED ALMOST ENTIRELY UPON LIABILITY AS A CO–CONSPIRATOR AND NOT HIS OWN ACTIONS.

IV. THE MILITARY JUDGE ERRED WHEN HE FAILED TO SET ASIDE PLEAS [SIC] OF GUILTY TO LESSER–INCLUDED OFFENSES AS MULTIPLICIOUS FOR FINDINGS WITH THE GREATER OFFENSES TO WHICH APPELLANT PLED GUILTY. (Citations omitted.)

arrival of the cashier, one of them lost his nerve. Their second attempt was thwarted when, after lying in wait for the cashier's arrival, they saw a gas station owner come over and talk to the cashier upon her arrival. This court found that the military judge properly accepted that appellant's guilty plea to attempted robbery. Later we criticized the holding in that case because it seemed to be contrary to the concept of voluntary abandonment as a defense to an attempt. *See United States v. Walther*, 30 M.J. 829, 830 n. 2 (N.M.C.M.R.1990). However, the issue of voluntary abandonment was not raised by this appellant nor was it alluded to during the providence inquiry. The appellant and his co-conspirators certainly did not abandon their plan to rob someone. Having lost their first intended victims, they simply shifted their focus to the next available candidate.

The military judge at the appellant's court-martial had a sufficient factual predicate for accepting the appellant's plea of guilty to the *attempted robbery of the two unidentified females.* We find no basis to reject the plea.

## II

### Providence Of The Appellant's Guilty Plea To Assault With Intent To Commit Rape

In our disposition of Assignment of Error IV, we set aside the finding of guilty to assault with intent to commit rape and dismissed the specification. Therefore, it is not necessary to discuss the merits of this assignment of error, relating to Specification 4 of Charge VII.

## III

### Sentence Appropriateness

We find merit in this assignment of error, and we will provide relief in our decretal paragraph.

## IV

### Multiplicity

The government has conceded that there is merit in this assignment of error, and we agree. We will provide relief in our decretal paragraph.

### Conclusion

Accordingly, we affirm the findings, as approved on review below, except for Specifications 1 through 4 of Charge VI and Specifications 3, 4, and 6 of Charge VII. We set aside the findings of guilty to those specifications and dismiss them.

■ The military judge's findings of multipliciousness for sentencing did not affect the maximum sentence authorized for the offenses to which the appellant pleaded guilty. It was not necessary for the military judge to inquire again into the appellant's understanding of the maximum sentence authorized, as may be required when a finding of multiplicity reduces the maximum authorized sentence. Since the military judge found that some of the offenses were multiplicious for sentencing, we may assume that he considered them as such in his deliberations. Therefore, we need not reassess the sentence. *United States v. Bankston*, 22 M.J. 896 (N.M.C.M.R.1986).

■ Even so, having considered the presentencing evidence, as well as the matters before the convening authority for his action—including the sentences adjudged for the appellant's two accomplices—, we find that the sentence is inappropriately severe. Therefore, we affirm only so much of the sentence approved on review below as includes confinement for 30 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge.

Senior Judge KEATING and Judge OLIVER concur.