# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.J. BRUBAKER, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**JONATHAN A. LOPEZ**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201400289**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 15 April 2014.
**Military Judge:** Col J.K. Carberry, USMC.
**Convening Authority:** Commanding General, III Marine Expeditionary Force, Okinawa Japan.
**Staff Judge Advocate's Recommendation:** Col J.R. Woodworth, USMC; SJAR Addendum: Col K.J. Estes, USMC.
**For Appellant:** Mr. Philip D. Cave, Civilian Counsel; Mr. Samuel C. Moore, Civilian Counsel; Maj John Stephens, USMC.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN; Capt Cory A. Carver, USMC.

**30 April 2015**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice. A panel of members with enlisted representation, sitting as a general court-martial, convicted the appellant, contrary to his pleas,

of one specification of rape in violation of Article 120, UCMJ, and a second specification of assault consummated by a battery in violation of Article 128, UCMJ.  The members sentenced the appellant to seven years' confinement, reduction to pay grade E-1, total forfeiture of pay and allowances, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.

The appellant now raises three assignments of error: (1) that the military judge abused his discretion and committed constitutional error by excluding constitutionally-required evidence under MILITARY RULE OF EVIDENCE 412; (2) that the evidence is legally and factually insufficient to convict the appellant; and, (3) that he received ineffective assistance from his trial defense counsel.

Although not raised by the appellant, we find error in the staff judge advocate's recommendation (SJAR).  The staff judge advocate (SJA) advised the CA that the latter was not authorized "to disapprove, commute or suspend the dishonorable discharge or the period of confinement."[1]  This erroneous statement of the law was not corrected in the addendum to the SJAR or addressed in the CA's Action.  Because we find it necessary to remand for a new SJAR and CA's Action, we defer our resolution of the appellant's assignments of error.

### Background

The offenses charged allegedly occurred in 2011 and 2012. The appellant was sentenced on 14 April 2014.  Subsequent to the SJAR but prior to the CA approving the sentence, the appellant submitted extensive clemency materials, asking, through counsel, that the CA reduce his confinement from seven years to two.[2]  In the meantime, the National Defense Authorization Act for Fiscal Year 2014[3] (FY14 NDAA) substantially changed the authority of CA's to take action on certain sentences under Article 60, UCMJ. Specifically regarding offenses under Article 120(a), UCMJ, the CA "may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct

---

[1] Staff Judge Advocate's Recommendation of 3 Jul 2014 at 2.

[2] Request for Clemency of 15 Jul 14 at 1.

[3] Pub. L. No. 113-66, 127 Stat. 672 (2013).

discharge."[4]  The President signed the FY14 NDAA on 26 December 2013; the language quoted above became effective 180 days later. This amendment to Article 60, UCMJ applies only "with respect to offenses committed under [the UCMJ] on or after that effective date."[5]

## Error in SJAR

"Failure of counsel for the accused to comment on any matter in the recommendation . . . in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error."  RULE FOR COURTS-MARTIAL 1106(f)(6), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).  Where there is error in this processing and "some colorable showing of possible prejudice" thereby, this court must either provide meaningful relief or remand for new post-trial processing. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (citation omitted).

1. *Plain Error*.  "'Plain error' has been described variously as error that is 'both obvious and substantial,' that is 'particularly egregious,' that 'seriously [affects] the fairness, integrity or public reputation of judicial proceedings,' or that 'requires appellate intervention to prevent a miscarriage of justice, protect the reputation and integrity of the court, or to protect a fundamental right of the accused.'"  *United States v. Lowry,* 33 M.J. 1035, 1037-38 (N.M.C.M.R. 1991) (additional citations omitted).  Factors to consider in determining whether an error is plain error include: "(1) whether the error is an omission or an affirmative misstatement; (2) whether the matter is material and substantial; and (3) whether there is a reasonable likelihood that the convening authority was misled by the error." *Id*. at 1038.

The language the SJA used in his recommendation indicates a belief that the CA's authority to modify the sentence or grant clemency in this case was constrained by the FY14 NDAA.  By the statute's plain language, however, these new limitations did not apply to the offenses of which the appellant was convicted, as they occurred prior to the statute's effective date.  The CA's "broad authority" to disapprove, commute or suspend any or all of the appellant's adjudged sentence was, in fact, unfettered by

---

[4] *Id.* at 956.

[5] *Id.* at 958.

3

the FY14 NDAA.  *See United States v. Finster*, 51 M.J. 185, 186 (C.A.A.F. 1999) (describing the CA's complete discretion to modify the findings or sentence for any, or no, reason, so long as there is no increase in severity).

We find the SJA's advice was an affirmative misstatement of the law that effectively precluded the appellant's opportunity to receive clemency.  *See United States v. Davis*, 58 M.J. 100, 102 (C.A.A.F. 2003) (describing the CA as an accused's best hope for clemency).  As such, the error was material and substantial. Given the extent to which CAs must rely on their SJAs to correctly explain post-trial processing – particularly in light of the recent significant changes to Article 60, UCMJ –  we have no doubt the error misled the CA.  There is nothing in the matters considered by the CA in taking his action that would have contradicted or corrected the SJA's erroneous advice.  We therefore conclude the SJA's advice constituted plain error, and the issue was not waived by the appellant's counsel's failure to comment on the error prior to the CA's action.

2. *Prejudice*.  As this issue was not raised as an assignment of error, the appellant has made no showing of possible prejudice. If this was simply a matter of *how* the CA exercised the "highly discretionary Executive function" that is clemency, *Wheelus*, 49 M.J. at 289, we would see no need for relief or remand. However, the case before us presents a different issue.  Here, the SJA erroneously advised the CA that he was barred from even considering clemency actions as to confinement or discharge. There being no indication that the CA ignored his SJA's incorrect advice, we find the apparent denial of consideration itself to be a sufficient showing of possible prejudice. Accordingly, we must either grant meaningful relief or remand.

### Conclusion

The CA's Action is set aside.  The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing.  The record shall then be returned to this court for review under Article 66(c), UCMJ.

For the Court

R.H. TROIDL
Clerk of Court

4