# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201600322**

———————————

**UNITED STATES OF AMERICA**
Appellee

v.

**EDRICK VILLARREAL**
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Michael D. Libretto, USMC.
Convening Authority: Commanding Officer, Marine Special
Operations School, U.S. Marine Corps Forces, Special Operations
Command, Camp Lejeune, NC.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Joseph
E. Galvin, USMC; Addendum: Captain Bret A. White, USMC.
For Appellant: Major Jason L. Morris, USMCR.
For Appellee: Brian K. Keller, Esq.

———————————

Decided 17 March 2017

———————————

Before MARKS, JONES, and ELLINGTON, *Appellate Military Judges*

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of making a false official statement[1] and one specification of larceny, in violation of Articles 107 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907 and 921. The military judge sentenced the appellant to five months' confinement, reduction to pay

———————————

[1] Specifications 1, 2, and 3 of Charge II (making a false official statement) were consolidated by the military judge into a single specification for purposes of findings and sentencing.

grade E-4, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

Although not raised by the appellant, we find error in the addendum to the staff judge advocate's recommendation (SJAR) and find it necessary to remand for a new SJAR and CA's action.

## I. BACKGROUND

In the appellant's request to the CA for clemency,[2] trial defense counsel requested disapproval of the appellant's adjudged discharge. The addendum to the SJAR advised the CA that, pursuant to RULE FOR COURTS-MARTIAL (R.C.M.) 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), the CA was not authorized to "disapprove, commute or suspend the sentence of the Bad-Conduct Discharge."[3] The CA approved but did not execute the appellant's discharge. Although the CA explicitly mentioned considering R.C.M. 1105 and 1106 matters submitted by the appellant, the CA did not comment on his authority to grant the requested clemency.

## II. DISCUSSION

The erroneous advice in the addendum to the SJAR was a misinterpretation of changes to Article 60, UCMJ by the National Defense Authorization Act for Fiscal Year 2014[4], which became effective on 24 June 2014.

While the advice in the SJAR's addendum is correct for offenses committed after 24 June 2014, the appellant's larceny specification spans from 26 June 2013 to 18 August 2015. This specification straddles the 24 June 2014 date. The National Defense Authorization Act for Fiscal Year 2015 clarified the issue of such straddling offenses:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before the effective date . . . and a conviction for an offense committed on or after that effective date, the convening authority shall have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.][5]

---

[2] Clemency Request of 24 Aug 2016.

[3] SJAR of 8 Sep 2016 at ¶ 2.

[4] National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672, 956-57 (2013).

[5] PUB. L. NO. 113–291, 128 STAT. 3292, 3365 (2014).

"Failure of counsel for the accused to comment on any matter in the recommendation . . . in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." R.C.M. 1106(f)(6),; *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Factors to consider in determining whether an error is plain error include: "(1) whether the error is an omission or is an affirmative misstatement; (2) whether the matter is material and substantial; and (3) whether there is a reasonable likelihood the convening authority was misled by the error." *United States v. Lowry*, 33 M.J. 1035, 1038 (N.M.C.M.R. 1991). Where there is error in post-trial processing and "some colorable showing of possible prejudice" thereby, this court must either provide meaningful relief or remand for new post-trial processing. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (citation omitted).

We find that the advice in the SJAR's addendum was an affirmative misstatement of the law that effectively precluded the appellant's opportunity to receive clemency. *See United States v. Davis*, 58 M.J. 100, 102 (C.A.A.F. 2003) (describing the CA as an accused's best hope for clemency). As such, the error was material and substantial. Given the extent to which CAs must rely on their SJAs to correctly explain post-trial processing— particularly in light of the changes to Article 60, UCMJ—we have no doubt the error misled the CA. There is nothing in the matters considered by the CA in taking his action that would have contradicted or corrected the SJA's erroneous advice. We therefore conclude the SJA's advice constituted plain error. There being no indication that the CA ignored the SJA's incorrect advice, we find the apparent denial of consideration itself to be a sufficient showing of possible prejudice.

## III. CONCLUSION

The CA's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing. The record shall then be returned to this court for review under Article 66(c), UCMJ.

For the Court



R.H. TROIDL
Clerk of Court