# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201600379

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## RANDY M. SO
Private First Class (E-2), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel James K. Carberry, USMC.
Convening Authority: Commanding Officer, Headquarters and Support Battalion, Marine Corps Installations-West, Marine Corps Base, Camp Pendleton, California
Staff Judge Advocate's Recommendation: Lieutenant Colonel Todd Enge, USMC.
For Appellant: Major Jason L. Morris, USMCR.
For Appellee: Brian Keller, Esquire

————————————

Decided 17 March 2017

————————————

Before CAMPBELL, HUTCHISON, and ELLINGTON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

At an uncontested special court-martial, a military judge convicted the appellant of an unauthorized absence—a violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. The military judge sentenced the appellant to 60 days' confinement, reduction to pay grade E-1,

forfeiture of $900.00 pay per month for two months, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

Although not raised by the parties, the staff judge advocate's recommendation (SJAR) erroneously advised that the CA was not authorized to "disapprove, commute or suspend the sentence of a bad-conduct discharge."[1] We find this uncorrected misstatement of the law requires a new SJAR and CA's action.

## I. BACKGROUND

The appellant was in an authorized absence status between 6 April 2013 and 26 July 2016. After his guilty plea and conviction, his trial defense counsel asked the CA to set aside the adjudged discharge as an act of clemency and administratively separate the appellant from the Marine Corps instead.[2] The SJAR then advised the CA that he was unable to "disapprove, commute or suspend the sentence of a bad-conduct discharge." The trial defense counsel filed no response to the SJAR. Acting on the sentence, the CA explicitly mentioned having considered RULES FOR COURTS-MARTIAL 1105 and 1106, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) (R.C.M.), and all matters submitted by the appellant, but did not comment on his understanding of his authority to grant or deny the clemency request.

## II. DISCUSSION

The SJAR's advice—that the CA could not disapprove, commute, or suspend the adjudged discharge—was a misinterpretation of changes to Article 60, UCMJ by the National Defense Authorization Act for Fiscal Year 2014[3], which became effective on 24 June 2014.

While the advice in the SJAR is correct for offenses committed after 24 June 2014, this is not such a case. The offense of unauthorized absence from a unit is "an instantaneous offense . . . complete at the instant an accused absents himself . . . without authority. Duration of the absence is a matter in aggravation for the purpose of increasing the maximum punishment authorized for the offense."[4]

"Failure of counsel for the accused to comment on any matter in the recommendation . . . in a timely manner shall waive later claim of error with

---

[1] SJAR of 7 Oct 2016 at ¶ 12b.

[2] Clemency Request of 26 Sep 2016.

[3] National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672, 956-57 (2013).

[4] MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶10c(8).

regard to such matter in the absence of plain error." R.C.M. 1106(f)(6),; *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Factors to consider in determining whether an error is plain error include: "(1) whether the error is an omission or is an affirmative misstatement; (2) whether the matter is material and substantial; and (3) whether there is a reasonable likelihood the convening authority was misled by the error." *United States v. Lowry*, 33 M.J. 1035, 1038 (N.M.C.M.R. 1991). Where there is error in post-trial processing and "some colorable showing of possible prejudice" thereby, this court must either provide meaningful relief or remand for new post-trial processing. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (citation omitted).

We find that the staff judge advocate's (SJA's) advice was an affirmative misstatement of the law that effectively precluded the appellant's opportunity to receive clemency. *See United States v. Davis*, 58 M.J. 100, 102 (C.A.A.F. 2003) (describing the CA as an accused's best hope for clemency). As such, the error was material and substantial. Given the extent to which CAs must rely on their SJAs to correctly explain post-trial processing— particularly in light of Article 60, UCMJ, amendments—we have no doubt that the error misled the CA. Nothing in the matters that the CA considered in taking his action corrected the SJA's erroneous advice. We, therefore, conclude the SJA's advice constitutes plain error. There being no indication that the CA ignored his SJA's incorrect advice, we find the apparent denial of consideration itself to be a sufficient showing of possible prejudice.

## III. CONCLUSION

The CA's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing. The record shall then be returned to this court for review under Article 66(c), UCMJ.

For the Court

R.H. TROIDL
Clerk of Court