**UNITED STATES, Appellee,**

v.

**Thomas E. VARDIMAN, Private**
**U.S. Army, Appellant.**

No. 67,062.

CM 9001634.

U.S. Court of Military Appeals.

Argued May 6, 1992.

Decided Sept. 14, 1992.

For Appellant: *Captain Antonier L. White* (argued); *Lieutenant Colonel James H. Weise* and *Captain Alan M. Boyd* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Major Kenneth T. Grant* (argued); *Colonel Dayton M. Cramer* and *Lieutenant Colonel Daniel J. Dell'Orto* (on brief).

*Opinion of the Court*

WISS, Judge:

Appellant pleaded guilty at his general court-martial to charges alleging attempted wrongful distribution of cocaine and of methamphetamine (1 specification each), absence without leave, wrongful distribution of methamphetamine (2 specifications), and larceny, in violation of Articles 80, 86, 112a, and 121, Uniform Code of Military Justice, 10 USC §§ 880, 886, 912a, and 921, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 37 months, and total forfeitures. Pursuant to a pretrial agreement, the convening authority approved these results but suspended confinement in excess of 30 months for 12 months. The Court of Military Review affirmed without opinion.

In this Court, appellant has attacked the providence of his guilty pleas to larceny. In that respect, we granted review of the following, rather convoluted, issue:

WHETHER APPELLANT'S PLEA OF GUILTY TO STEALING $250.00 OF CID DRUG PURCHASE MONEY (CHARGE IV AND ITS SPECIFICATION) IS IMPROVIDENT AS THE MILITARY JUDGE:

1) FAILED TO ESTABLISH FACTUALLY THAT THE VALUE OF THE THEFT OR LOSS TO THE GOVERNMENT WAS $250.00;

2) FAILED TO INQUIRE INTO OR RESOLVE WHETHER APPELLANT HAD THE SPECIFIC INTENT TO STEAL AS APPELLANT MAY HAVE BELIEVED THAT HIS CAR STEREO POWER AMPLIFIER WAS OF AN EQUIVALENT VALUE AND AN EVEN EXCHANGE FOR THE $250.00 OF CID PURCHASE MONEY;

3) FAILED TO INQUIRE INTO THE ACTUAL LOSS TO THE GOVERNMENT AND THEREFORE COULD NOT HAVE PROPERLY ADVISED APPELLANT OF THE MAXIMUM PUNISHMENT FOR CONVICTION OF THAT OFFENSE; AND,

4) FAILED TO RESOLVE A POSSIBLE DEFENSE THAT THE $250.00 OF CID PURCHASE MONEY WAS GIVEN TO APPELLANT AS A LOAN SECURED BY COLLATERAL AND AS SUCH APPELLANT'S FAILURE TO RETURN SAID $250.00 WAS NOT A THEFT, BUT RATHER A FAILURE TO PAY A DEBT (*SEE UNITED STATES V. MERVINE*, 26 MJ 482 (CMA 1988)).

Now, after full consideration of all aspects of this issue, we find no merit in appellant's argument, so we affirm.

I

On four instances between March 26 and April 20, 1990, appellant agreed to sell illegal drugs to Hadden, an undercover investigator of the Criminal Investigation Command (CID) at Fort Lewis, Washington. On each occasion, appellant asked for and received a cash-advance of the agreed-upon purchase price, took the cash to obtain the drugs, and returned later with the drugs. Each time that Hadden gave appellant a cash-advance, he asked for and received from appellant some form of collateral—once a rifle, twice a personal check, and the last time a JVC stereo car power amplifier (appellant attempted to provide a personal check, as before, but could not find a pen to write one).

On the last such occasion—the one in which appellant gave Hadden the amplifier as collateral—Hadden gave appellant $250.00 in CID funds for the drug purchase. As before, appellant then left to obtain the drugs; but, unlike before, this time he did not return. Ultimately, Hadden learned that appellant had fought with his girlfriend and had left the state for California. In fact, appellant did go to California (in AWOL status) and used the CID funds to finance his trip.

*Inter alia*, appellant was charged with and pleaded guilty to stealing the $250.00 cash (spec. of Ch. IV). During the providence inquiry, the military judge advised him that the elements of this offense were that, at Fort Lewis, on or about April 20, 1980, he had "wrongfully withheld certain property, that is, lawful currency from the possession of the United States govern-

ment"; "that the property belonged to the United States government"; "that the property was of a value of about $250.00"; and that "the withholding by yourself was with the intent permanently to deprive the United States government of the use and benefit of the property." Art. 121; *see* para. 46b(1), Part IV, Manual for Courts-Martial, United States, 1984.

After appellant indicated that he understood that his pleas would admit these elements and that they all were true, the military judge asked appellant to "tell me what it is that makes you guilty of that offense." Appellant replied:

Well, I gave Investigator Hadden the amplifier as collateral, sir, and he gave me the $250.00. I did not return the $250.00; instead I kept the $250.00.

MJ: Okay, and what did you do with the $150.00 [sic]?

AC: I used it when I went AWOL to California.

MJ: Okay, so you spent it?

AC: Yes, sir.

MJ: And so although you obtained it to buy drugs for CID Agent Hadden—that's what you were supposed to do with it. Is that correct?

AC: Yes, sir.

MJ: When you didn't buy the drugs for him, you kept, that is, you wrongfully kept the $250.00?

AC: Yes, sir.

MJ: Okay, without authority?

AC: Yes, sir, without authority.

MJ: And you admit that that belonged to the United States government?

AC: Yes, I do, sir.

MJ: Okay, and did you intend to permanently deprive the United States government of that $250.00?

AC: Yes, I did, sir.

MJ: Okay, and this occurred on or about 20 April 1980 [sic] here at Fort Lewis, Washington?

AC: Yes, sir.

In due course, the military judge accepted appellant's pleas as provident and entered findings accordingly.

## II

As this colloquy shows, the military judge correctly advised appellant of the elements of the offense; obtained from him an acknowledgement that he understood the elements and that they reflected what he in fact had done; and engaged in an exchange with appellant that revealed the factual basis for each of the elements to which he had pleaded guilty. *See United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969); *see also* Art. 45(a), UCMJ, 10 USC § 845(a); RCM 910(e), Manual, *supra*. Nonetheless, for the first time on appeal, appellant has questioned the providence of his pleas in a number of respects that are reflected in the granted issue set out earlier. We will deal with each.

█ The first and third aspects of appellant's complaint are related. Each has as its basis appellant's claim—made for the first time on appeal through his counsel—that the Government never returned his power amplifier to him. He reasons that, since the record does not establish the value of the amplifier and, thus, since the record does not establish the *net* loss to the Government, his pleas to larceny of $250.00—the amount of the cash he received for which he delivered the amplifier as collateral—were improvident.

The difficulty is that this argument is not supported by the record of trial. Instead, what *is* reflected is appellant's admission that Hadden gave him $250.00 cash to purchase drugs; that, instead, appellant subsequently formed the intent to convert the money to his own use and to permanently deprive the United States of the money; and that in fact he did spend the money for a purpose other than that for which it was given him. That is larceny. *See United States v. Antonelli*, 35 MJ 122 (CMA 1992). Appellant's admissions, substantiated by the inquiry into the actual facts, fully support his pleas. His belated complaints on appeal are without legal effect to the contrary. *See United States v. Harrison*, 26 MJ 474, 476 (CMA 1988).

■ The second aspect of appellant's attack on his trial pleas is that the military judge did not resolve whether appellant actually had the specific intent to steal; he supposes that he "may have believed" that the amplifier was of such a value that it was an "even exchange for the $250.00."

Apart from a question whether appellant, unilaterally, may make the decision for such an "even exchange" and keep the money, the providence inquiry quoted earlier unequivocally establishes appellant's intent to convert the money to his own use and to permanently deprive the United States of it. That was a use inconsistent with the purpose for which he was given the money by Hadden. *See United States v. Antonelli, supra.* While not a model inquiry, it is sufficient to establish provident pleas. Further, if appellant held a belief such as that he now suggests he "may" have had, it is nowhere suggested in the record, so there is no substantial inconsistency with the pleas.

■ Finally, appellant urges that the military judge was required to resolve the possibility that the money was a loan to appellant that was secured by the amplifier as collateral and, so, it could not have been the subject of larceny. *See United States v. Mervine,* 26 MJ 482 (CMA 1988). Appellant's theorization is entirely at odds with the record that unequivocally demonstrates that there was no debtor/creditor relationship between appellant and Hadden.

### III

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.