**UNITED STATES**

v.

**Paul O. COX, 287 72 5099 Hospitalman (E–3), U.S. Navy.**

**NMCM 92 0517.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 Dec. 1991.

Decided 23 April 1993.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

Maj David S. Heier, USMCR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before FREYER, WELCH and MOLLISON, JJ.

PER CURIAM:

In accordance with his pleas, appellant was found guilty by a military judge sitting as a special court-martial of one specification of wrongful distribution of marijuana, one specification of wrongful use of cocaine, one specification of larceny of military property, and one specification of breaking restriction, violations of Articles 112(a), 121, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 912(a), 921, and 934. Appellant's adjudged and approved sentence extended to confinement for six months, forfeiture of $502.00 pay per month for six months, reduction to pay grade E–1, and a bad-conduct discharge.

Before this Court, appellant assigns six errors to the proceeding below which he contends entitle him to relief.[1] We find no error which operated to appellant's material prejudice and affirm.

■ Appellant first contends that his plea to the charge of larceny of military property is improvident. Appellant pled guilty to a specification which alleged that he stole a programmable Radio Shack radio scanner. In support of his plea, appellant admitted going into the hospital's control center and removing the scanner, taking it to his BEQ room. He took the scanner without any legal justification, excuse, authorization, or consent. Record at 24. When asked if he intended to keep the scanner at the time of its removal, appellant replied, "At the time I took it I did not intend to keep it, but as I had it in my possession, I later made the decision to keep it in my possession." Record at 25. On the basis of this response, appellant contends that his plea to larceny was improvident, arguing that the intent to deprive permanently which larceny requires must exist at the time of the taking. Where the intent at the time of the taking was merely to "borrow," appellant argues that only a charge of wrongful appropriation can be sustained and that any subse-

---

1. I. APPELLANT'S PLEAS TO CHARGE III AND ITS SPECIFICATION, ALLEGING LARCENY OF A REALISTIC [BRAND] PROGRAMMABLE RADIO SCANNER, ARE NOT PROVIDENT: THE RECORD FAILS TO ESTABLISH THAT APPELLANT HAD THE REQUIRED INTENT TO PERMANENTLY DEPRIVE THE OWNER OF THE PROPERTY AT THE TIME OF THE TAKING; THE RECORD FAILS TO ESTABLISH ANY FIDUCIARY RELATIONSHIP BETWEEN APPELLANT AND THE OWNER UPON WHICH A LARCENY BY WITHHOLDING MAY BE FOUNDED; THE RECORD FAILS TO ESTABLISH THAT THE PROPERTY WAS MILITARY PROPERTY AND NOT MERELY PROPERTY IN THE POSSESSION OF THE NAVY.
II. THE CONVENING AUTHORITY, COMMANDING OFFICER, NAVAL HOSPITAL, ORLANDO, IS AN ACCUSER AND THE PROCEEDINGS, FINDINGS AND SENTENCE IN APPELLANT'S CASE ARE INVALID.
III. THE LEGAL OFFICER HAS NOT PROVIDED, AND THE CONVENING AUTHORITY HAS NOT CONSIDERED, THE MINIMAL INFORMATION THAT THE CONGRESS, THE PRESIDENT AND THE SECRETARY OF THE NAVY REQUIRED FOR AN INFORMED CLEMENCY DETERMINATION ON APPELLANT'S CASE.

IV. GIVEN THE "INDIVIDUALIZED CONSIDERATION" REQUIRED, OF BOTH APPELLANT'S CHARACTER AND THE NATURE OF HIS OFFENSE, AN UNSUSPENDED BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE PUNISHMENT.
V. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. (CITATIONS OMITTED). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (FOOTNOTE OMITTED).
VI. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATIONS AND FOOTNOTE OMITTED). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

quent intent to deprive the owner of the property borrowed is immaterial. We disagree.

■ Under Article 121, UCMJ, a larceny by wrongful taking occurs when an accused takes property of some value intending permanently to deprive the owner of the use and benefit of that property.[2] Manual for Courts–Martial (MCM), United States, 1984, Part IV, ¶ 46b(1)(a)–(d). At common law, larceny was said to require a trespass, that is, that the carrying off of the property had to be without the consent of the owner. 50 Am.Jur.2d *Larceny* § 2 (1970). In military law, while we no longer speak of a trespass as such, the requirement remains that the taking be without the consent of the owner.[3] MCM, 1984, Part IV, ¶ 46c(1)(d). Appellant is incorrect in arguing that a charge of larceny cannot stand when an item is taken by trespass but without the intent to steal, even though the taker later decides to keep the item permanently. *See United States v. Aldridge*, 2 U.S.C.M.A. 330, 8 C.M.R. 130 (1953); MCM, 1984, Part IV, ¶ 46c(1)(f)(i).

■ In *United States v. Sicley*, 6 U.S.C.M.A. 402, 20 C.M.R. 118 (1955) (cited by appellant), the United States Court of Military Appeals said that "substantial authority supports the view that, at common law, a taking and *concurrent* intent are essential ingredients of the crime of larceny." 20 C.M.R. at 123. We agree that *Sicley* states the general rule. Under most circumstances, the intent to steal must accompany the taking. The Court, however, did not decide "[w]hether this rule should be applied without qualification to every charge of larceny brought under Article 121 of the Code." *Id.* *Sicley* dealt with unique facts, a situation in which the findings entered by the members indicated that, while no criminal intent of any kind was found to accompany the taking, a finding of guilty to larceny was nevertheless entered because the accused kept property (payment for travel by dependents) to which he honestly and reasonably believed himself entitled in the first instance. 20 C.M.R. at 125–126. *Sicley* does not deal with a situation like appellant's in which property is taken by trespass and later retained by the taker pursuant to an intent to deprive permanently which was not conceived until some time after the taking.

Appellant's situation calls into play a unique rule. At common law, where property is taken by trespass, but the intent to deprive permanently does not arise until sometime later, then

> [u]nder the doctrine of continuing trespass, the trespassory nature of the initial taking continues throughout the time of the defendant's possession. If, at some time during possession, the defendant decides to appropriate the property to his own use, the trespassory taking (which had been continuing) concurs with the intent to steal, and a larceny is deemed committed.

3 Charles C. Torcia, *Wharton's Criminal Law* § 362 (14th ed. 1980). *See* MCM, 1984, Part IV, ¶ 46c(1)(f)(i). *See also* 52A C.J.S. *Larceny* § 29 (1968); 50 Am.Jur.2d *Larceny* § 40 (1970).

In appellant's case, his taking of the radio scanner was "trespassory," that is, the scanner was taken without the consent of the Government. Thus, it is immaterial that he did not decide to retain the scanner until some time later. A larceny was nevertheless committed. Accordingly, we find that appellant's plea to the sole specification under Charge III was provident.

---

**2.** We should state that we agree with appellant that the military judge's discussion of appellant's conduct as a wrongful withholding, or embezzlement, was error. Appellant, who wrongfully took the scanner without the consent of the owner and later decided to retain it, could not be guilty of embezzlement since he was at no point entrusted with the possession of the scanner by its owner. *See generally United States v. Antonelli*, 35 M.J. 122 (C.M.A.1992). We find that the factual matters disclosed by appellant are sufficient to affirm his conviction

to an Article 121 larceny under a theory of wrongful taking.

**3.** That "trespass" and "without consent" are synonymous is unmistakable since, under Article 121, a larceny by wrongful taking is the crime once known as "common-law larceny (that is, larceny by trespass on either the actual or constructive possession of the owner) ... no more and no less." *Antonelli*, 35 M.J. at 124.

546

■ Appellant next argues that his plea to the larceny was improvident insofar as he pled guilty to stealing military property. Because the scanner bears a commercial trademark and may be purchased by anyone nationwide, appellant contends that the scanner was not military property such that its larceny should subject the thief to the enhanced punishment which Article 121 prescribes for those who take military property. We disagree.

We find that the scanner appellant stole was properly alleged to be military property. Military property includes more than "tanks, cannons, or bombers." *United States v. Schelin*, 15 M.J. 218 (C.M.A.1983). "[A]ll property purchased with federal funds and owned or held by a service is military property." *United States v. Simonds*, 20 M.J. 279, 280 (C.M.A.1985). *See also United States v. Bellett*, 36 M.J. 563 (A.F.C.M.R.1992). If the property stolen was purchased with funds appropriated by Congress for the military, the property is military property. *Id.* Since appellant stole the scanner from Naval Hospital, Orlando, and not from an unappropriated fund activity like the local exchange, we find no basis in law or fact for questioning the providence of his guilty plea to larceny of military property. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

■ Appellant next contends that the convening authority (Commanding Officer, Naval Hospital, Orlando) is an accuser by virtue of the fact that one of the charges to which appellant pled guilty was the breaking of restriction imposed by the convening authority to ensure appellant's presence at trial. We disagree that the convening authority in such an instance becomes an accuser. The imposition of pretrial restriction is an official act which does not connect the convening authority so closely with the offense of breaking the restriction that a reasonable person would conclude he had anything other than an official interest in the matter. *See United States v. Deford*, 49 C.M.R. 120 (N.C.M.R.1974) (convening authority who sentenced accused to restriction at Article 15 proceeding held not to be accuser in subsequent court-martial for the breaking of that restriction).

■ Appellant also complains that the legal officer's recommendation to the convening authority fails to recite the fact that appellant had received the National Defense Service Medal and three letters of commendation. In fact, the legal officer's recommendation does recite appellant's receipt of the National Defense Service Medal, and appellant's letters of recommendation reached the convening authority by way of appellant's clemency request, which the convening authority acknowledges having considered. If any error is to be found in this situation, that error was waived by the failure of the defense to comment on the legal officer's recommendation. *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991).

■ We find appellant's unsuspended bad-conduct discharge to be appropriate punishment for the nature and number of offenses to which appellant pled guilty.

The remainder of appellant's assignments of error are without merit. *See United States v. Graf*, 35 M.J. 450 (C.M.A. 1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992); *United States v. Coffman*, 35 M.J. 591 (N.M.C.M.R.1992) (per curiam).

The findings and sentence, as approved on review below, are affirmed.