**1020**

### UNITED STATES

### v.

### Staff Sergeant Kim D. LEE, FR130–58–5235, United States Air Force.

### ACM 29995.

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 April 1992.

Decided 16 Sept. 1993.

Appellate Counsel for the Appellant: Major Mary C. Yastishock and Captain Robert I. Smith.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, and Major Paul H. Blackwell, Jr.

Before JOHNSON, GRUNICK, and YOUNG, Appellate Military Judges.

### OPINION OF THE COURT

JOHNSON, Senior Judge:

This case presents the issue whether a person is guilty of larceny when she wrongfully takes or withholds money with the intent of paying it back, but at some point abandons the intent to repay when she realizes she will be unable to do so. Sergeant Lee was convicted, consistent with her guilty plea, of stealing $11,343.81 in currency from the United States.[1] She argues before us that her plea of guilty was improvident and that she was denied the effective assistance of counsel.[2] We find no prejudicial error and affirm.

Sergeant Lee was a funds custodian in the air postal squadron at Rhein–Main Air Base, Germany. On a number of occasions from January 1991 to November 1991, she took funds from her accounts. The shortage was discovered when an audit was conducted in March 1992.

---

1. Article 121, UCMJ, 10 U.S.C. § 921; MCM, Part IV, paragraph 46 (1984). Sergeant Lee was sentenced to a bad-conduct discharge, confinement for 16 months, forfeiture of $485 pay per month for 16 months, and reduction to E–1.

2. Only the providency issue was formally briefed by Sergeant Lee's appellate counsel, but the arguments of counsel and Sergeant Lee's affidavit are so replete with complaints about the performance of Sergeant Lee's defense counsel at trial that we have examined effectiveness of counsel as a separate issue.

**PROVIDENCY OF GUILTY PLEA**

■ During the military judge's inquiry concerning the providency of her proposed guilty plea, Sergeant Lee admitted taking the money, but she maintained she originally intended to pay it back. There came a time, however, when she realized there was no way she could do so. The military judge was reluctant to accept a plea of guilty to larceny in these circumstances, but he finally did so after an extended colloquy with Sergeant Lee that fills 23 pages of the record of trial. He held another colloquy with Sergeant Lee on the subject after her unsworn statement on sentencing. Sergeant Lee stated that by February 1992, "I guess I was going to permanently deprive the government, because I had no way to pay it back." Returning to the intent issue a little later, the following exchange took place:

MJ: So at that point, would you agree then that at that point you had the intent to permanently deprive the United States of the use and benefit of this property or to appropriate that property to your own use?

ACC: Yes, Your Honor.

The military judge ultimately ruled that larceny is committed when a person wrongfully takes or withholds property with the intent to return it, but later abandons the intent to repay the money because he or she becomes aware there is no practical way to do so. Both counsel concurred, and the military judge accepted Sergeant Lee's plea of guilty to larceny. We conclude the parties at trial were correct.

■ It is clear that larceny is committed when an intent to permanently deprive the owner of property of its use and benefit is formed at any time after the event, even when the original taking, withholding, or obtaining of the property was done with the intent to return it, or even when the initial possession of the property was innocent. *United States v. Vardiman*, 35 M.J. 132 (C.M.A.1992); *United States v. Moreno*, 23 M.J. 622 (A.F.C.M.R.1986), *pet. denied*, 24 M.J. 348 (C.M.A.1987); *United States v. Cox*, 37 M.J. 543 (N.M.C.M.R. 1993); MCM, Part IV, paragraph 46c(1)(f)(i) (1984).

We are persuaded that one forms the intent necessary for commission of larceny when one concludes that return of the property is impossible, no matter how much the offender might wish otherwise, and abandons any intent to return it.[3] Sergeant Lee stated at trial that when it became clear there was no way she could pay back the money, she abandoned her earlier plans to do so. Sergeant Lee testified that on one occasion in February 1992 she did put about $700 back into her accounts, but that she made no further attempts at repayment after it became clear to her that she could not repay the full amount.[4]

After Sergeant Lee made oral and written unsworn statements in the sentencing phase of the trial, the military judge reopened the providency inquiry to resolve any lingering ambiguities about the intent issue. Sergeant Lee again stated that once she realized she could not repay the money her intent was to permanently deprive the government of the money she had taken. Considered in their totality, we find Sergeant Lee's statements at trial do not raise a substantial basis in law or fact for questioning the providency of her plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

**3.** A defense may be available where return is impossible because of inability through no fault of the accused. R.C.M. 916(i). The defense of inability apparently was not available to Sergeant Lee because there was no indication that her inability to repay the money she had taken was due to any circumstances beyond her control.

**4.** Sergeant Lee said she attempted to borrow money from a coworker and from her family to cover the shortage in her accounts in March 1992, but this occurred after the audit of her accounts was already under way. We conclude there is no significant contradiction between these statements by Sergeant Lee and her admission that in February 1992 she abandoned her plans to repay the money. Persons who become the subjects of audits, investigations, and criminal charges frequently take steps to avoid or ameliorate impending disciplinary actions.

## EFFECTIVE ASSISTANCE OF COUNSEL

■ Sergeant Lee raises a variety of complaints about the performance of her defense counsel at trial. It is clear that an accused is entitled to effective representation by counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). Before any relief is warranted on appellate review because of ineffective representation, an appellant must show her counsel's performance was deficient and that the deficient performance prejudiced the outcome of the case.

Sergeant Lee's appellate defense counsel did not assign ineffective assistance of counsel as a separate issue before us. The complaints about her trial defense counsel are woven into the brief submitted on the providency issue. They are also prominently featured in Sergeant Lee's affidavit submitted before us. Sergeant Lee now objects to our consideration of an affidavit from her trial defense counsel in which he responds to the criticisms of his professional conduct. The basis of the objection is that, because no formal assignment of ineffective representation has been filed, he was never released from his obligation to protect information he received as part of the attorney-client relationship. We find no support for this argument. Whether complaints about the professional conduct of trial defense attorneys are assigned separately or are stated in support of other assigned errors, the attorney-client privilege is waived to the extent necessary "to respond to allegations in any proceeding concerning a lawyer's representation of the client." *Air Force Rules of Professional Conduct*, Rule 1.6(b)(2), 22 October 1992. *Accord*, MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.6(b)(2). We have considered the trial defense counsel's affidavit only for this limited purpose. *United States v. Mays*, 33 M.J. 455 (C.M.A. 1991).

Sergeant Lee complains that her defense counsel at trial was under time constraints from a pending reassignment from Germany back to the United States, as the result of which he failed to properly investigate her case. She also complains that he failed to advise her properly about the meaning and effect of a guilty plea, or of the significant difference in the maximum authorized punishments for larceny and wrongful appropriation, and that he coerced her into pleading guilty.

In an affidavit submitted before us, Sergeant Lee's trial defense counsel states that he had adequate time to investigate and prepare for Sergeant Lee's case, and that he found no persuasive factual or legal defense available. He further states that he discussed with Sergeant Lee the differences between larceny and wrongful appropriation on at least two occasions. He states he advised her extensively as to her rights concerning pleas, and that she knowingly and voluntarily chose to plead guilty. The defense counsel's statements are clear and positive, and they are supported by Sergeant Lee's colloquies with the military judge concerning her rights to counsel and her guilty plea. We find counsel's version of the facts more credible than Sergeant Lee's, and we conclude Sergeant Lee was not denied the effective assistance of counsel.

We have examined the findings, and we find them legally and factually correct. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offense, the character and military performance of Sergeant Lee, and all the circumstances documented in the record of trial. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982). We find the sentence, as adjudged and approved, is not inappropriate.

Accordingly, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges GRUNICK and YOUNG concur.