**UNITED STATES, Appellee,**

v.

**Private First Class Daniel J. COFFMAN, 142–86–2990, United States Army, Appellant.**

**ARMY 9501478.**

U.S. Army Court of Criminal Appeals.

26 Feb. 1997.

For Appellant: Captain Mark I. Goodman, JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Lyle D. Jentzer, JA; Captain David F. Musel, JA (on brief).

Before GRAVELLE, JOHNSTON, and ECKER, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of absence without leave, larceny (seventeen specifications), and forgery (fourteen specifications) in violation of Articles 86, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, and 923 (1988) [hereinafter UCMJ]. He was sentenced by a panel of officer and enlisted members to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1. In accordance with a pretrial agreement, the convening authority approved a bad-conduct discharge and the other portions of the adjudged punishment.

The appellant asserts that the staff judge advocate's post-trial recommendation contained plain error, and that several of the larceny specifications were multiplicious for findings as well as sentencing. We disagree with appellant's assertion about the post-trial recommendation, but agree that several specifications should be consolidated to resolve the multiplicity issue.

The charges in this case stemmed from the appellant's one man crime wave. Before he was finally apprehended and brought to trial, he was able to steal and misuse several other soldiers' wallets, identification cards, and check books. After assuming the identity of his victims, he established three checking accounts on which he wrote numerous forged checks for money and goods for his own benefit. When he departed from his unit without authorization, he stole another soldier's truck and drove away. He used the stolen truck in a landscaping business until

he was apprehended several months later and returned to military control.

■ On three separate dates, the appellant stole other soldiers' wallets that contained military identification cards. The appellant asserts that only one larceny was committed for each incident. He was convicted however, of separate specifications for each wallet and each military identification card it contained. Although the military judge treated the separate specifications as multiplicious for sentencing, he erroneously concluded that the larcenies of each wallet and corresponding identification card were separate for findings.[1] As noted in the Manual for Courts–Martial, United States (1995 edition), Part IV, para. 46c(1)(h)(ii) [hereinafter MCM, 1995], when a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles may belong to different persons. Thus, the larceny at the same time and place of a suitcase or wallet containing the property of several persons is but one larceny. Under these circumstances the military judge should have consolidated the separately charge specification. *See United States v. Morris*, 18 M.J. 450 (C.M.A. 1984).

■ Article 121, UCMJ, defines larceny and wrongful appropriation as the wrongful taking, obtaining, or withholding of any money, personal property, or article of value from the possession of the owner or of any other person. Pursuant to his statutory authority under Article 56, UCMJ, the President established the maximum punishment for larceny and wrongful appropriation in para. 46(c), MCM, 1995. Although that provision lists "military property" and "property other than military property" with various maximum punishments for the values involved, those provisions do not create separate offenses when the government or different Army units are the "owner" or "any other person" victimized by the misconduct. Even if a portion of the items taken at the same time and place consists of military property of the United States, the owner of the property, the type of property, and the value of the property are significant only as to enhancing the authorized punishment for the single larceny.

■ The appellant also contends that incorrect information in the staff judge advocate's post-trial recommendation, about appellant's previous civilian conviction, constitutes plain error. While the information may have been inaccurate, we do not find plain error. The record of trial sets forth the facts concerning the appellant's involvement with civilian authorities in regard to the apparent conviction. In addition, the trial defense counsel failed to note or comment on that portion of the recommendation that may have been inaccurate. Consequently, we will apply the doctrine of waiver rather than allow the appellant to benefit from his counsel's silence at the time the convening authority took action. *See* R.C.M. 1106(f)(6).

Specifications 4 and 5 of Charge II are consolidated by inserting in Specification 5 after the words "personal use," the words and figures "and a wallet and moneys, of a value of about $180.00, the property of PFC Jeffrey S. Altfillisch." Specifications 6 and 7 of Charge II are consolidated by inserting in Specification 7 after the words "personal use," the words and figures "and a wallet and moneys of a value of about $15.00, the property of PFC Michael F. Moore." The findings of guilty of Specifications 5 and 7 of Charge II, as so amended, are affirmed. The findings of guilty of Specifications 4 and 6 of Charge II, as modified, are set aside and those specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms the sentence. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

---

1. We also note that the military judge instructed the members that the forgery and larceny offenses were multiplicious for sentencing. These are separate statutory offenses that, under most factual circumstances, do not run afoul of the policy in Rule for Courts–Martial 307(c) [hereinafter R.C.M.] against the unreasonable multiplication of charges. We also note that, generally, offenses that are separate for findings are separate for sentencing. *See United States v. Oatney*, 45 M.J. 185 (C.M.A.1996); *United States v. Morrison*, 41 M.J. 482 (1995).