# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist CASEY A. PHILLIPS**
**United States Army, Appellant**

ARMY 20150373

Headquarters, Fort Carson
Douglas K. Watkins, Military Judge
Colonel Paul J. Perrone, Jr., Staff Judge Advocate (pretrial)
Colonel Gregg A. Engler, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Cody D. Cheek, JA (on brief); Major Christopher D. Coleman, JA; Captain Cody D. Cheek, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Christopher A. Clausen, JA (on brief).

1 March 2017

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempting to sell military property; one specification of conspiracy to commit larceny of military property; four specifications of making a false official statement; two specifications of willfully destroying military property; seven specifications of larceny of military, private, and Army and Air Force Exchange Service (AAFES) property; and one specification of forging and uttering four checks; in violation of Articles 80, 81, 107, 108, 121, and 123 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880, 881, 907, 908, 921, 923 (2012). The military judge sentenced appellant to a bad-conduct discharge and confinement for thirty months. Pursuant to a pretrial

agreement, the convening authority approved only so much of the sentence that provided for a bad-conduct discharge and fifteen months confinement.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant raises, for the first time on appeal, Specifications 1 and 2, 3 and 4, and 5 and 6 of Charge II should be consolidated since the "larceny of military and non-military property [was] at substantially the same time and place," and therefore Specifications 2, 4, and 6 should be set aside and dismissed. Appellant alleges without consolidation of the specifications there was an unreasonable multiplication of charges since the larceny offenses were committed at substantially the same time and place. The six specifications appellant challenges as an unreasonable multiplication of charges involve multiple items of military and non-military owned property stolen at Fort Carson on three different dates—between on or about 1 November 2012 on or about 6 January 2013, 23 April 2014, and 30 April 2014. After review of the entire record, we find that appellant's unconditional guilty plea waived this issue, and, in any event, the charges were not unreasonably multiplied.[1]

## LAW AND DISCUSSION

Our superior court, in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), addressed the effect of "waiver" and "forfeiture" of an issue on appeal. "Waiver" is the "intentional relinquishment or abandonment of a known right," which would preclude appellate review of an issue. *Id.* On the other hand, "forfeiture" is "the failure to make the timely assertion of a right," which requires a review for plain error on appeal. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted); *see also, United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011).

In the instant case, appellant entered into an unconditional guilty plea. "By pleading guilty, an accused does more than admit that he did the various acts alleged in a specification; 'he is admitting guilt of a substantive crime.'" *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009) (citing *Unites States v. Broce*, 488 U.S. 563, 570 (1989)). "An unconditional guilty plea generally waives all pre-trial and trial defects that are not jurisdictional nor a deprivation of due process of law." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009). As *Schweitzer* was decided shortly after *Gladue,* the court's use of "waiver" in *Schweitzer* was clearly intentional. Unless offenses are "facially duplicative" a guilty plea waives any claim that the offenses are unreasonably multiplied. *Schweitzer*, 68 M.J. at 136. (citing *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004).

---

[1] We have considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

2

Before entering his guilty plea, the military judge specifically asked appellant if there were any motions to dismiss[2] or to grant other appropriate relief. Appellant's defense counsel did not ask the court for any relief or allege unreasonable multiplication of charges. We find that appellant pleaded guilty unconditionally and waived the issue of unreasonable multiplication of charges.

Notwithstanding appellant's waiver, after assessing the entire record we are required to determine whether under Article 66(c), UCMJ, we should leave appellant's waiver intact, or "notice" the error for the first time on appeal. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016); *see also United States v. Gilchrist*, 61 M.J. 785, 789 (Army Ct. Crim. App. 2005). It is in the exercise of this discretionary authority with regards to one pair of specifications that we disagree with our dissenting colleague, and therefore explain our reasoning at some length.

*Specification 1 and 2 of Charge II*

Appellant pleaded guilty to stealing an assault pack valued at less than $500.00 (Specification 1) and stealing four blank checks that had some value (Specification 2). Appellant found the checks inside the assault pack several weeks later. It is undisputed when appellant *took* the assault pack he also took the blank checks—there is but one "taking." However, because the offense of larceny involves an element of specific intent, it does not always follow that when appellant *stole* the assault pack he also stole the checks.

Here appellant established during his providence inquiry that he formed the intent to permanently deprive the owner of the value of the assault pack when he took the assault pack. He stipulated, however, that he did not have the intent to permanently deprive the owner of the value of the checks until he found the checks several days later. In the context of a guilty plea, appellant *cannot* be guilty of stealing the checks until he formed the specific intent to deprive the owner permanently of their use. Since the parties stipulated that this did *not* occur when appellant stole the assault pack, there cannot be only one larceny.[3]

---

[2] Motions to dismiss under Rule for Courts-Martial [hereinafter R.C.M.] 907, include nonwaivable grounds, waivable grounds, and permissible grounds for dismissal. Permissible grounds for dismissal include if a specification is mulitiplicous with another specification. After *United States v. Campbell*, 71 M.J. 19 (C.A.A.F 2012), "unreasonable multiplication of charges" encompasses what has previously been described as "multiplicity in sentencing." *Id.* at 26.

[3] Put differently, if appellant had told the military judge that he had no intent to steal the checks until he found them, and upon finding the checks he decided to return them to their owner, we would surely say that he was improvident to stealing the checks.

We would agree with our dissenting colleague that "[w]hen a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons." *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 46(c)(1)(i)(ii). However, the key to us in understanding that provision is that there must be a *larceny* of several articles at the same time. In other words, the accused must intend to permanently deprive the owner of *all* the articles taken. Without the requisite intent, there is no larceny. If appellant did not have the requisite intent to steal the checks when he stole the assault pack, then there was not a "larceny of several items."

We would also agree that it is a permissible inference that when an accused takes one item with an intent to permanently deprive the owner of the item, it is a permissible inference that he intends to steal any items contained within. Thus, when one steals a purse, one can infer the thief intended to also steal the wallet within. *See United States v. Dicario*, 8 U.S.C.M.A. 353, 361, 24 C.M.R. 163, 171 (1957) ("It is also the general rule that only a single theft is committed when the thief takes one article which contains other articles within it, as in the case of a purse containing a wallet, which in turn contains a sum of money.").

Here, however, appellant specifically stipulated that he *did not* have the intent to steal the checks until he found them. Appellant stipulated that *only upon finding the checks* did "he then form[] the intent" to permanently deprive the owner of the value of the checks. He further stated in his providence inquiry that he was unaware the assault pack contained blank checks when he stole the assault pack. It was only "[a]fter finding these checks, I had no intention of returning them to the rightful owner. . . . At that point, my sole intent was to deprive [the owner] of his checks."

Therefore, we find Specifications 1 and 2 of Charge II, at least as stipulated by the parties and as described during appellant's providence inquiry, constituted separate larcenies; we do not find the specifications to be unreasonably multiplied. To the extent the record is unclear or undeveloped, it is the natural consequence of appellant entering an unconditional guilty plea to both specifications, and weighs in favor of leaving appellant's waiver of the issue intact.

## CONCLUSION

The findings and sentence are AFFIRMED.

Senior Judge MULLIGAN concurs.

FEBBO, Judge, concurring in part and dissenting in part.

I concur that an unconditional guilty plea generally waives the issue of unreasonable multiplication of charges on appeal. Similarly, to allow the trial court

to resolve challenges based on an alleged unreasonable multiplication of charges and develop a more clear record on appeal, appellant should have raised the issue before the military judge. I concur there was no unreasonable multiplication for Specification 3 and 4 and Specifications 5 and 6 of Charge II. For those specifications, appellant had to cut locks to doors and wall lockers, cut locks to shipping containers, enter separate motor pools, enter separate offices and different areas in the motor pool building, and steal items contained within separate wall lockers and a locked desk. Appellant's actions for those specifications involved distinctly separate acts and, therefore, these larcenies did not occur at substantially the same time and place.

In contrast, I find Specifications 1 and 2 of Charge II constitute an unreasonable multiplication of charges because of the long-standing policy[4] in the *MCM* and precedence in case law on how to charge larcenies involving the contents of a single item stolen. The two specifications to which appellant pleaded guilty were not aimed as distinctly separate criminal acts.

I understand that several weeks[5] after stealing the assault pack, appellant looked inside and found a check book containing four blank checks that belonged to SPC MH.[6] Upon discovery of the checks, appellant formed the intent to steal the checks. Although the intent to steal the checks occurred several weeks later, the actions to steal the assault pack and blank checks inside occurred at substantially the same time and place. The *MCM* provides guidance on appellant's non-concurrent

---

[4] This policy is firmly rooted in the *MCM*. The 1949 edition of the *MCM* discussion of charging larceny under Article of War 93, stated:

> "When a larceny of several articles is committed at substantially the same time and place it is a single larceny even though the articles belong to different persons. Thus, if a thief steals a suitcase containing the property of several persons or goes into a room and takes property belonging to various persons, there is but one larceny, which should alleged in but one specification."

*MCM*, 1949, ¶ 180g at 240.

[5] Appellant stipulated between on or about 1 November 2012 and on or about 6 January 2013, he contacted another soldier for assistance in cashing the checks.

[6] There was no rank on the blank checks and the larceny of the blank checks was charged as the property of Mr. MH. Appellant later, with intent to defraud, signed the four blank checks with Mr. MH's name and through another soldier attempted to cash them in the total amount of $4,620. The checks bounced. Appellant pleaded guilty to this separate offense, Article 123, UCMJ.

intent to steal the checks that he later found in the assault pack he stole. Para. 46c(1)(f)(i), Part IV, Manual for Courts-Martial, United States (2012 ed.)("Although a person gets property by a taking or obtaining which . . . was without a concurrent intent to steal, a larceny is nevertheless committed if an intent to steal is formed after the taking or obtaining and the property is wrongfully withheld with that intent."). *See United States v. Helms*, 47 M.J. 1 (C.A.A.F. 1997) (citing *United States v. Aldridge*, 2 U.S.C.M.A. 330, 8 C.M.R. 130 (1953); *United States v. Cox*, 37 M.J. 543 (N-M. Ct. Crim. App. 1993)(when an article is taken without consent it is immaterial if an appellant did not decide to retain the article until a later time); *see also State v. Langford*, 467 So. 2d 41 (La. Ct. App. 1985); *United States v. Suthanaviroj*, NMCM 200000763, 2002 CCA LEXIS 159 at *12 (N-M. Ct. Crim. App. 22 July 2002). "It is clear that larceny is committed when an intent to permanently deprive the owner of property of its use and benefit is formed at any time after the event, even when the original taking . . . was done with the intent to return it . . . ." *United States v. Lee*, 37 M.J. 1020, 1021 (A.F.C.M.R. 1993) (citing *United States v. Vardiman*, 35 M.J. 132 (C.M.A. 1992)).

In *Helms*, our superior court concluded that "this latter larceny relies on the 'fictional notion of *continuing trespass*' to find the concurrent existence of the taking element and the requisite intent." *Helms*, 47 M.J. at 3 (citing *LaFave & Scott*, Substantive Criminal Law, § 8.5(f) at 366 (1986). Although *Helms* was considering the application of MCM, pt IV. ¶ 46c(1)(f)(i) to fraud involving Basic Allowance for Housing (BAH), the same rational applies to appellant's later intent to steal checks that he did not know were inside the assault pack he stole. In fact, the rationale of finding a single larceny is even stronger when a soldier steals an item that would normally be used to store items inside, such as a wallets, purses, duffel bags, and assault packs. *See Dicario*, 8 U.S.C.M.A. at 361.

This guidance is consistent with how the government charged the larceny of the assault pack and checks. In reviewing Specification 1 and 2, the date range of when appellant formed the intent to steal the assault pack and the checks is *exactly the same*. The government charged appellant and he pleaded guilty to stealing the assault pack *and* four checks between "1 November 2012 and on or about 6 January 2013."

Specifications constitute an unreasonable multiplication of charges when what is substantially one transaction is unnecessarily broken down into component parts and charged separately. *See* R.C.M. 307(c)(4) discussion; *United States v. Quiroz,* 55 M.J. 334, 336-38 (C.A.A.F. 2001). Likewise, the explanatory text of Article 121, UCMJ, in the *Manual for Courts-Martial* provides guidance on what the government should consider when charging a "multiple article larceny":

> When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons. Thus,

> if a thief steals a suitcase containing the property of several persons or goes into a room and takes property belonging to various persons, there is but one larceny, which should alleged in but one specification.

*MCM,* pt. IV, ¶ 46(c)(1)(i)(ii).[7]

"When determining the separateness of two or more larceny specifications, therefore, the pivotal consideration is not what was stolen, nor from whom it was stolen, but whether the thefts occurred 'at substantially the same time and place;' or, in essence, whether they 'arose from the same act or transaction.'" *United States v. Jobes*, 20 M.J. 506, 508, (A.F. Ct. Crim. App. 1985) (citing *United States v. Hall*, 6 U.S.C.M.A. 562, 20 C.M.R. 278 (C.M.A. 1955)).

The larcenies did not require distinct and separate acts to complete the larceny of the assault pack and checks. These two specifications should be merged as a single larceny.  This court in addressing similar facts and circumstances has held that charging them separately was an unreasonable multiplication of charges. *See United States v. Flinner*, ARMY 20140704, 2015 CCA LEXIS 126, *3 (Army Ct. Crim, App. 23 March 2015) (summ. disp.). *See also, United States v. Sharp*, ARMY 20130998, 2014 CCA LEXIS 856,(Army Ct. Crim, App. 25 November 2014) ("The moment appellant stole the trailer, he came into unlawful possession of the tools inside of the trailer."); *United States v. Box*, ARMY 20071166, 2009 CCA LEXIS 198, (Army Ct. Crim, App. 27 February 2009) (affirming consolidation of separate larceny specifications involving "the same victim, at the same time, from the same gym locker.")(*United States v. Vandenberg*, ARMY 20020991, 2005 CCA LEXIS 562, *3 (Army Ct. Crim, App. 16 August 2005) (affirming consolidation of separate larceny specifications involving the theft of checkbooks belonging to two different soldiers in the same barracks room); *United States v. Coffman*, 45 M.J. 669, 671 (Army Ct.

---

[7] The explanatory text of *MCM*, pt. IV, ¶ 46c(1)(i)(ii) applies "even when personal property belonging to an individual and military property belonging to the United States government (although issued to the individual) are stolen at the same time and place." *United States v. Flinner*, ARMY 20140704, 2015 CCA LEXIS 126, at *3-4 (Army Ct. Crim, App. 23 March 2015) (sum. disp.).  "The fact that the President has prescribed enhanced penalties when military property is the subject of a larceny does not transform a single larceny of military and non-military property at the same time and place into two separate larcenies. *See MCM*, pt. IV, ¶ 46.c(1)(i)(ii), 46.e(1)(a)-(b)." *Id*.; *see also, United States v. McLaurin*, 2001 CCA LEXIS 484 (Army Ct. Crim, App. 18 April 2001) ("The President, exercising his statutory authority under Article 56, UCMJ, to prescribe maximum punishments for offenses, chose to provide a greater penalty for larcenies of military property than for private property, but his actions did not create two separate statutory violations.").  *Flinner* at *4.

Crim. App. 1997) (affirming consolidation of separate larceny specifications involving theft of a wallet and theft of a military identification card contained within). The facts and circumstances of this larceny fit squarely within the *MCM*, pt. IV, ¶46(c)(1)(i) (ii) example of charging a larceny of several articles as a single larceny.

Therefore, I find Specifications 1 and 2 of Charge II constitute an unreasonable multiplication of charges because the larcenies arose from the same act and occurred at substantially the same time and place. For these reasons, I respectfully dissent.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court